**In the Matter of Allen Ray BROOKSHIRE d/b/a A & R Drywall, Debtor.**

**H. Lane THOMPSON Construction Co., Inc., Plaintiff,**

v.

**Allen Ray BROOKSHIRE d/b/a A & R Drywall, Defendant.**

**FOREHAND BUILDER, INC., Plaintiff,**

v.

**Allen Ray BROOKSHIRE d/b/a A & R Drywall, Defendant.**

**Bankruptcy Nos. 80–0382A, 80–0381A.**

United States Bankruptcy Court, N. D. Georgia.

Jan. 28, 1982.

Thomas A. Travis, Atlanta, Ga., for plaintiffs.

Charles A. Tingle, Norcross, Ga., for defendant.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Allen Ray Brookshire, d/b/a A & R Drywall, (hereinafter the "Debtor") filed a voluntary petition in bankruptcy on February 21, 1980. On April 23, 1980, H. Lane Thompson Construction Company and Forehand Builders, Inc. filed complaints under § 523(a)(2) of the Bankruptcy Code to determine the dischargeability of certain debts owed them by the Debtor. Trials on these issues were held on August 26, 1980. As a result of the trials the following facts were stipulated.

### I.

*H. Lane Thompson Construction Co., Inc. v. Allen Ray Brookshire:*

(1) Creditor paid to debtor on August 24, 1979, the sum of $3,162.60 in full payment for labor and materials for work on lot 6–A Peachtree Plantation;

(2) On September 21, 1979, creditor paid to debtor the sum of $2,380.96 in full payment for labor and materials for work on lot 1–A Amhurse Place;

(3) Debtor ordered the materials for the house on lot 6–A Peachtree Plantation on August 8, 1979, at a cost of $1,319.55, and the materials were delivered on August 14, 1979;

(4) Debtor ordered the materials for the house on lot 1–A Amhurse Place on August 27, 1979, at a cost of $1,063.76 and the materials were delivered on 9/4/79;

(5) Debtor's balance for materials received from Capitol Materials, Inc. was $30,551.77 as of September 1, 1979;

(6) Debtor's payments on his account at Capitol Materials, Inc. were as follows:

| | | |
|---|---|---|
| Aug. 1979 | — | $10,000.00 |
| Sept. 1979 | — | $15,254.99 |
| Oct. 1979 | — | 0.00 |
| Nov. 1979 | — | $ 4,190.09 |
| Dec. 1979 | — | 0.00 |
| and 1980 | — | 0.00 |

(7) Debtor's balance with Capitol Materials, Inc. on December 31, 1979, was $27,589.67;

(8) The payments made in September, October and November, 1979, by debtor to Capitol Materials, Inc. were not specified by debtor as being particular payments for materials supplied to particular houses and Capitol Materials, Inc. did not apply debtor's payments for specific houses, but credited them to debtor's general account;

(9) On November 13, 1979, Capitol Materials, Inc. filed a lien on Lot 6–A Peachtree Plantation in the amount of $1,319.55;

(10) On December 4, 1979, Capitol Materials, Inc. filed a lien on Lot 1–A Amhurse Place in the amount of $1,063.76. Said lien was not filed within three (3) months as required by Georgia law but was filed on the 91st day.

### II.

*Forehand Builders, Inc. v. Allen Ray Brookshire:*

(1) The date of January 7, 1980, and the amount of $4,078.72 referred to in para-

graphs 6, 7, 10, 11, 12, 13 and 14 of creditor Forehand's objection and referred to in debtor's answer thereto are incorrect. The two dates and two amounts; that is, October 5, 1979, in the amount of $3,623.16 for Lot 35–C and October 16, 1979, in the amount of $3,600.00 for Lot 33–C, should be properly substituted therefor;

(2) Creditor paid to debtor on October 5, 1979, the sum of $3,623.16 in full payment for labor and materials for work on house on Lot 35–C;

(3) On October 15, 1979, creditor paid to debtor the sum of $3,600.00 in full payment for labor and materials for work on the house on 33–C;

(4) On December 21, 1979, creditor paid debtor $2,500.00 as a draw for labor and materials for the house on Lot 80–A Jamestown;

(5) On January 7, 1980, creditor paid debtor $1,476.74 of which $1,374.76 was in full and final payment for labor and materials on the house on lot 8–A Jamestown and $101.98 was for insurance; debtor purchased the materials on lot 8–A Jamestown from Flintkote Supply and paid $1,449.56 cash for the aforesaid supplies;

(6) Debtor purchased the materials for the house on lot 33–C from Capitol Materials, Inc. on September 11, 1979, at a cost of $1,518.98;

(7) Debtor purchased materials for the house on lot 35–C from Capitol Materials, Inc. on September 18, 1979, for a cost of $1,570.65;

(8) Debtor's balance for materials received from Capitol Materials, Inc. was $30,551.77 as of September 1, 1979;

(9) Debtor's payments on his account at Capitol Materials, Inc. were as follows:

| | | |
|---|---|---|
| Aug. 1979 | — | $10,000.00 |
| Sept. 1979 | — | $15,254.99 |
| Oct. 1979 | — | 0.00 |
| Nov. 1979 | — | $ 4,190.09 |
| Dec. 1979 | — | 0.00 |
| and 1980 | — | 0.00 |

(10) Debtor's balance with Capitol Materials, Inc. on December 31, 1979, was $27,589.67;

(11) The payments made in August, September and November, 1979, by debtor to Capitol Materials, Inc. were not specified by debtor as being particular payments for materials supplied to particular houses and Capitol Materials, Inc. did not apply debtor's payments for specific houses, but credited them to debtor's account;

(12) On September 5, 1979, Capitol Materials, Inc. placed a materialman's lien in the amount of $1,518.89 on the 33–C property of creditor and in the amount of $1,570.65 on the 35–C property of creditor;

(13) Creditor paid off the foregoing liens on March 14, 1980;

(14) The testimony of debtor would be that he was not required to supply workers' compensation insurance on the job;

(15) The testimony of creditor Forehand and creditor Thompson would be that as part of the contract with debtor, (a) workers' compensation insurance was to be provided and paid for by debtor; (b) said insurance was not provided; and (c) creditor Forehand paid $208.08 for the said workers' compensation insurance.

The parties submitted briefs on the applicability of § 523(a)(2) to the facts stipulated.

## QUESTION PRESENTED

The question before the court is whether the conduct of the Debtor in paying funds received from the Plaintiffs for the materials used in specific jobs to a general account with the materialmen amounts to false pretenses, false representations or actual fraud contemplated by § 523(a)(2)(A).

Section 523 is, in pertinent part, as follows:

§ 523. Exceptions to discharge

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . . .

(2) for obtaining money, property, services, or an extension renewal, or refinance of credit, by—

(A) false pretenses, a false representation, or actual fraud other than a statement respecting the debtor's or an insider's financial condition; . . . .

From the evidence it appears the Debtor intended to pay the materialman for the materials provided to the individual jobs. The Debtor paid the funds received to the materialman but did not do so in a manner which would protect the general contractors as to the individual jobs. This could have been accomplished by paying the individual invoices, thereby extinguishing any materialman's lien in a particular job.

Debtor's conduct may have been negligent or sloppy business practice, but Debtor did not act deliberately to deceive or harm the Plaintiffs.

The five elements of a nondischargeable fraud under 11 U.S.C. § 523(a)(2)(A) are as follows:

(1) the debtor made the representations;

(2) that at the time he knew they were false;

(3) that he made them with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on such representations and

(5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. *Sweet v. Ritter Finance Company*, 263 F.Supp. 540 (W.D.Va.1967); *Friendly Finance Co. v. Stover*, 109 Ga. App. 21, 134 S.E.2d 837 (1964).

Of the elements listed above, the element in dispute here is the Debtor's intent to deceive.

The applicable standard of proof in a proceeding to determine dischargeability is that of proof by clear and convincing evidence. *See In re Huff*, 1 B.R. 354 (Bkrtcy. Utah 1979).

The evidence presented does not indicate that the Debtor knowingly made false representations or acted with the intent to deceive the Plaintiffs. Thus, the proof of the Plaintiffs fails to show conduct of the Debtor such as to render the subject debts nondischargeable.

Pursuant to Rule 921(b) a separate order will be entered consistent with the above opinion.