In re Guido R. **PROIA,** Marsha A. **Proia, Debtors.**

Elsie E. **SBARDELLA, Plaintiff,**

v.

Guido R. **PROIA,** Marsha A. **Proia, Defendants.**

Bankruptcy No. 8100582.
Adv. No. 810286.

United States Bankruptcy Court,
D. Rhode Island.

May 11, 1983.

John A. McQueeney, Higgins & Slattery, Providence, R.I., for plaintiff.

Russell D. Raskin, Providence, R.I., for defendants.

## DECISION AND ORDER ON PLAINTIFF'S COMPLAINT TO HAVE DEBT DECLARED NONDISCHARGEABLE

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The Plaintiff, Elsie Sbardella, hired Guido Proia[1] to construct a garage on her property. She alleges that Proia obtained money from her by false pretenses or fraud, and seeks to have her claim against Proia declared nondischargeable, pursuant to 11 U.S.C. § 523(a)(2)(A), which provides:

> (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> (2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—
>
> (A) false pretenses, a false representation, or actual fraud. . . .

The parties have stipulated that on or about June 9, 1980 Sbardella and Proia agreed that Proia would construct a garage and perform other work for Sbardella, that the plans were subsequently changed, and that in the agreement as finally modified Sbardella was to pay the total sum of $14,-500 for the completed project. The parties have also stipulated that Sbardella paid Proia a total of $13,400 and that the garage was not completed. Beyond this, there is no agreement.

Neither the original contract nor any subsequent modification thereof is in writing, and the parties give conflicting versions of the work to have been performed, what the method of payment was to be, and how much work was actually performed by Proia. Other aspects of the contract and Proia's performance are also in dispute. Based upon the testimony and demeanor of the witnesses, and a review of the entire record, we make the following findings of fact:[2]

1. The original agreement provided for the construction of a one-car garage, landscaping, removal of trees, installation of necessary retaining walls, and installation of a driveway, for $9,750.

---

1. The debtors are Guido and Marsha Proia, who filed a joint Chapter 7 petition on July 14, 1981. Because the Plaintiff's allegations pertain only to Guido Proia, all references to "the debtor" or to "Proia" are to Guido Proia only. As to Marsha A. Proia, the complaint is denied. There is no evidence as to any participation in or knowledge of any facts material to this proceeding on her part.

2. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. To enable Proia to pay subcontractors as work was performed, the parties agreed that Sbardella would pay one-third of the contract price prior to the commencement of work, another one-third when the job was half completed, and the final one-third upon completion.

3. In August 1980, and at Sbardella's request, the plans were modified after the job was partially completed. Under the revised agreement, for an additional $4750, Proia agreed to construct a basement in the garage.

4. From the inception, Sbardella required, and Proia agreed, that Proia would furnish receipts and records of all expenditures, but he failed to comply.

5. Sbardella made the following payments to Proia on the dates indicated:

| | |
|---|---|
| June 18, 1980 | $ 2500.00 |
| July 3, 1980 | 3500.00 |
| August 1, 1980 | 1600.00 |
| September 5, 1980 | 2300.00 |
| March 6, 1981 | 1500.00 |
| April 6, 1981 | 500.00 |
| April 14, 1981 | 1200.00 |
| April 23, 1981 | 300.00 |
| TOTAL | $ 13400.00 |

6. On April 27 and April 30, 1981, Proia insisted on more money before he would proceed any further with construction. Sbardella refused, telling Proia she would pay the remaining $1100 due under the contract when he completed the garage and related work, but Proia failed to resume construction. At this time, the following work remained to be performed: completion of cinderblock walls, installation of the roof, installation of the floor, purchase and installation of garage doors, and construction of the driveway and retaining wall.

7. As a result of the impasse with Proia, Sbardella hired Robert Abbruzzi to complete the walls, roof and floor. Sbardella paid Abbruzzi $2375, plus an additional $489.60 for the purchase and installation of garage doors.

8. The garage is still unusable. The entrance to the garage is at least several inches above ground level, and no driveway has been installed. In addition, a required retaining wall has not yet been constructed.

Sbardella alleges that from the beginning of their dealings Proia intended to defraud her, and that his refusal to perform work until Sbardella met his repeated demands for more money was part of a scheme to induce her to pay for labor and materials which he never intended to provide.

In order to prevail in this type of proceeding, the Plaintiff must establish fraud by clear and convincing evidence. *Butler Manufacturing Co., Inc. v. Vissers (In re Vissers)*, 21 B.R. 638, 639 (Bkrtcy.E.D.Wis.1982); *Thompson v. Brookshire (In re Brookshire)*, 17 B.R. 308, 311 (Bkrtcy.N.D.Ga.1982); 3 Collier on Bankruptcy ¶ 523.08 at 523–49 (15th ed. 1982). We accept the following statement of the elements of fraud which the Plaintiff must establish:

The elements of fraud required to be established by the plaintiff under § 523(a)(2)(A) have been well enunciated in many cases. In order to prevail, plaintiff must prove all of the following elements:

1. That the debtor made the representations;

2. That at the time made, debtor knew they were false;

3. That the representations were made with the intention and purpose of deceiving the creditor;

4. That the creditor relied on such representations; and

5. That the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*Butler Manufacturing Co., Inc. v. Vissers (In re Vissers)*, 21 B.R. 638, 639 (Bkrtcy.E.D.Wis.1982) (citations omitted).

We find that the Plaintiff has failed to prove by clear and convincing evidence that either at the time of the initial agreement in June 1980, or at the time it was modified two months later, the debtor made representations which he knew to be false, or that said representations were made with the intent to deceive the Plaintiff.

The Plaintiff has alleged that at the time of contracting, the debtor intended to make an exceptionally large profit. However, Plaintiff fails to provide any authority indicating that such intentions, even if proved, would constitute obtaining money by false pretenses or false representations, within the meaning of § 523(a)(2)(A).

We do find, however, based upon the record, that at some time prior to Sbardella's refusal to continue advancing funds to Proia, he did act with intent to deceive Sbardella. After considering all the evidence and the credibility of the witnesses, we conclude that Proia made false representations with intent to deceive Sbardella at some point after March 6, 1981 and before April 6, 1981. The evidence is that Proia did some work on the garage in March 1981, after receiving a payment of $1500 from the Plaintiff on March 6. He did no work after March 1981, despite receiving payments of $500 on April 6, $1200 on April 14, and two checks totalling $300 on April 23. Proia continued to demand additional payments before he would resume work, and we find that Proia had no intention of completing the contract as of April 1981, when he received the four payments totalling $2000, and continued to demand more.

The Plaintiff has established that each of the five elements of fraud required to render a debt nondischargeable under § 523(a)(2)(A) was satisfied prior to her making the four payments to Proia in April 1981. The debtor made representations—which he knew at the time to be false—that if he received additional funds, he would complete the garage in April 1981. These representations were made with the intention of deceiving Sbardella, who relied on said representations and sustained loss and damage as the proximate result of the representations having been made.

What the Plaintiff has failed to demonstrate, however, is the amount of the loss sustained. Both attorneys in this proceeding focused solely on the question whether the necessary elements of fraud were present, and both conveyed to the Court their impression that if fraudulent conduct

were established pursuant to § 523(a)(2)(A), then the issue of damages would be litigated in a separate state court proceeding. This Court is irritated by such an interpretation, which appears to be wholly at odds with the letter and the spirit of the Bankruptcy Reform Act of 1978. The goals of judicial economy and prompt resolution of all matters pertaining to bankruptcy require the bankruptcy court to resolve all issues, including liability and damages, instead of leaving the parties with the prospect of prolonged bifurcated litigation in other courts.

Because the attorneys for both the Plaintiff and the debtor appear to have agreed prior to the trial of this complaint that damages would not be litigated in this proceeding, and in deference to that bilateral miscue, a hearing will be scheduled on the issue of damages. To deny the Plaintiff's complaint for failure to meet her burden of proof in establishing damages would result in an injustice which we are able to avoid, but at the expense of assigning twice as much time to the resolution of this dispute as would have been necessary had counsel proceeded properly.

Enter order accordingly.