**In re Guido R. PROIA, Marsha A. Proia, Debtors.**

**Elsie E. SBARDELLA, Plaintiff,**

v.

**Guido R. PROIA, Marsha A. Proia, Defendants.**

**Bankruptcy No. 8100582.
Adv. No. 810286.**

United States Bankruptcy Court,
D. Rhode Island.

Oct. 20, 1983.

John A. McQueeney, Higgins & Slattery, Providence, R.I., for plaintiff.

Russell D. Raskin, Providence, R.I., for defendants.

## DECISION SETTING DAMAGES PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The plaintiff, Elsie Sbardella, hired Guido Proia to construct a garage and to make certain other improvements on her property. In an amended complaint dated December 17, 1981, she alleged that Proia obtained money from her by false pretenses or fraud, and sought to have her entire claim against Proia declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). After lengthy hearings in February 1983, this Court entered a decision and order on May 11, 1983, 29 B.R. 713, (Bkrtcy. Ohio) holding that Proia did in fact make certain false representations with intent to deceive Sbardella, at some point after March 6, 1981 and before April 6, 1981. Because the Court felt that neither party adequately addressed the issue of damages resulting after March 6, 1981, a further hearing was scheduled, with the parties directed to deal with that issue alone.

At the hearing on damages held on September 2, 1983, Sbardella made new allegations regarding work not performed by Proia, although the Court had issued findings in its May 11 decision which precluded the introduction of such new matters. The plaintiff also failed to address what this Court considers to be the issue before it: *i.e.,* what loss or damage was sustained by Sbardella as a result of Proia's misrepresentations subsequent to March 6, 1981?

The plaintiff introduced evidence not only of the cost of completing the garage, but also of the cost of installing a 24-foot-wide concrete driveway, a concrete walk and patio, storage shelves, and extensive electrical wiring in the garage—none of which previously had been alleged to be part of the contract between Sbardella and Proia. The plaintiff's expert witness, Robert Abbruzzese, had testified at the earlier hearing that the entire garage would cost roughly $7,000 to construct, a figure which

he stated could be in error by as much as 25%. He was asked at that time by plaintiff's attorney to indicate the cost of adding an asphalt driveway and a 16-foot-long retaining wall, and his rough estimates were $425 and $400–$500, respectively. Abbruzzese also testified that the garage was approximately 75% to 80% complete when Proia stopped working on it.

At the September hearing on damages, Abbruzzese testified that the cost of completing the garage and landscaping would be $12,359. This estimate included such items as a 40-foot-long retaining wall, a concrete driveway 24 feet wide, and a concrete walk and patio, for a combined cost exceeding $3,500. Other items in Abbruzzese's estimate also bear a tenuous relationship both to the earlier hearings on this matter and to the Court's findings in its May 11 decision. Abbruzzese readily conceded that he had no knowledge of terms of the oral contract between the plaintiff and the defendant, and that his written estimate and his opinions were based upon information supplied by Sbardella or her counsel.

The plaintiff admitted at the September 2 hearing that she did not recall mentioning in February several of the major items which she now claims were part of her contract with Proia. Although a determination of the precise terms of the contract is now irrelevant (because the only issue before the Court is the damage suffered by Sbardella as a result of Proia's fraudulent representations made some nine months after the contract was entered into), the Court concludes that neither party in this confused proceeding is a reliable witness with respect to the terms of their ongoing oral agreements. Sbardella's assertions on September 2 as to the elaborate plans to which Proia allegedly assented are no more credible than was Proia's testimony in February.

Fortunately, the Court is not now in the position of having to choose between these competing versions of the contract. The issue is not the damages resulting from any

breach of contract committed by Proia, but rather is a determination of those damages resulting from Proia's fraudulent representations after March 6, 1981. The plaintiff's case is particularly weak on this point.

Ms. Sbardella claims a great deal of emotional discomfort as a result of her dealings with Proia [1]—that, however, is not the issue in this dischargeability proceeding. What is at issue, and what the plaintiff has largely failed to prove, is the amount of the loss sustained by Sbardella as a result of the debtor's · "false representation, or actual fraud," § 523(a)(2)(A), which occurred after March 6, 1981.

The Court has previously found that Proia performed no work after March 1981, but in April collected four checks from Sbardella, totalling $2,000, for which he did not intend to perform any service. The plaintiff has failed to show proof of any other damage proximately resulting from the debtor's fraudulent representations. Accordingly, the Court finds that the loss resulting from Proia's misrepresentations is $2,000, plus interest and costs. This amount is nondischargeable, pursuant to § 523(a)(2)(A). Sbardella has an unsecured claim for damages resulting from Proia's breach of contract, but since this is a no asset case, and since that claim would be discharged in any event, even if liquidated, the issue is moot and we do not decide it.

Enter judgment accordingly.

1. Although Sbardella does not allege that Proia's conduct and representations caused her pain and suffering, that appears to be an important part of her concern throughout this proceeding. We are not unsympathetic to any distress that Ms. Sbardella may have experienced, but the issue before the Court is solely the monetary loss sustained by her as a result of Proia's fraudulent representations.