In re Michael Carmine
GALLUCCI, Debtor.

Angelina GALLUCCI, Plaintiff,

v.

Robert GAUDIO and Charles
Grant, Defendants.

Bankruptcy No. 81–893–BK–J–GP.
Adv. No. 840055.

United States Bankruptcy Court,
D. Rhode Island.

July 18, 1986.

John R. Cosentino, Providence, R.I., for Angelina Gallucci.

William T. Murphy, Providence, R.I., for defendant Robert Gaudio.

Chester Trow, Ocala, Fla., for defendant Charles Grant.

ARTHUR N. VOTOLATO, JR., Bankruptcy Judge.

Heard on April 10, 1986 on Robert Gaudio's motion to dismiss the above-captioned adversary proceeding (which was removed to this Court from the Kent County Superior Court—C.A. No. 84–170), or, in the alternative, for transfer of venue to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.[1] *See* Bankruptcy Rule 7087.[2] Plaintiff Angelina Gallucci, wishing to have the matter litigated here, objects to dismissal or transfer.

In her complaint, Angelina Gallucci requests a declaration that a conveyance, by one Robert Gaudio to Charles Grant, of real estate located in Warwick, Rhode Island is "null and void." For the following reasons, we conclude that the Bankruptcy Court for the District of Rhode Island is not the proper forum to hear or resolve the issues raised in the complaint, and that the matter should be transferred to the Bankruptcy Court for the Middle District of Florida, Jacksonville Division, where a related Chapter 11 case of Angelina Gallucci's son, Michael Carmine Gallucci (No. 81–893–BK–J–GP) is now pending. *See* 28 U.S.C. § 1409.[3]

In Michael Gallucci's Chapter 11 case, Charles Grant, the trustee, determined that the real estate in Warwick, Rhode Island which is the subject of the instant adversary proceeding was an asset of the bankruptcy estate, which the debtor had wrongfully transferred to Robert Gaudio. When Gaudio, who denies having ever had any interest in the real estate, was sued by the trustee for turnover, he promptly executed a Florida quit-claim deed, conveying all of his right, title and interest in the real estate to the trustee, to extricate himself from the litigation. It is that deed which Angelina Gallucci, who also claims ownership to the land in question, through a different chain of title, seeks to have set aside. Prior to the filing of Angelina's complaint, however, Grant brought an ac-

---

1. Charles Grant supports Gaudio's motion for change of venue.

2. Rule 7087. Transfer of Adversary Proceeding
On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district....
*See also* 28 U.S.C. § 1412 (which provides that a proceeding may be transferred "in the interest of justice or for the convenience of the parties").

3. 28 U.S.C. § 1409.
Venue of proceedings arising under title 11 or arising in or related to cases under title 11

(a)[A] proceeding arising under title 11 or arising in or *related to a case under title 11* may be commenced in the district court in which such case is pending (emphasis added).
*See also Seybolt v. Bio-Energy of Lincoln, Inc.,* 38 B.R. 123, 10 C.B.C.2d 1124 (Bankr.D.Mass.1984); *Chemical Bank v. S and R Carpetland, Inc. (In re WWG Industries, Inc.),* 8 C.B.C.2d 589, 593, 594 (Bankr.N.D.Ga.1983); *Rapco Foam, Inc. v. Northern Insulation Service (In re Stamm),* 21 B.R. 715, 723–724 (Bankr.W.D.Pa.1982); *In re Burley,* 11 B.R. 369, 4 C.B.C.2d 652 (Bankr.C.D. Cal.1981).

tion in Florida, as trustee, in Michael Gallucci's bankruptcy case, against Angelina Gallucci and several other defendants, seeking *inter alia* turnover of the Warwick property. The trustee's Florida action for turnover appears to involve issues of law and fact identical to those raised here, which can be more expeditiously resolved in the bankruptcy proceedings of Michael Gallucci. *See* Memorandum in Support of Gaudio's Motion to Dismiss. Although the property is located in Rhode Island, and although Angelina lives here, on the whole, considerations such as access to proof, avoidance of duplicative litigation, and the cost of producing witnesses for trial, favor transfer of this action to the Middle District of Florida. *See* Memorandum in Support of Defendant Gaudio's Motion to Transfer, filed in the United States District Court.

For the foregoing reasons, and because the interest of justice and the convenience of the parties require, it is ordered that Adversary Proceeding No. 840055 be transferred to the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, with action on Gaudio's motion to dismiss the complaint of Angelina Gallucci to be taken by that court. *See* 1 *Collier on Bankruptcy* ¶ 3.02, at 3–107 (15th ed.1986) ("district court in which case is pending is the proper venue for all suits against the trustee").