**In the Matter of CENTRO de TRANSMISIONES AUTOMATICAS de PUERTO NUEVO, INC., Debtor.**

**Salvador ALVAREZ RIVERA and Carmen Rodriguez De Alvarez, Plaintiff/Movant,**

v.

**CENTRO de TRANSMISIONES AUTOMATICAS de PUERTO NUEVO, INC., Defendant/Respondent.**

**Bankruptcy No. B–86–01588 (ESL).**

United States Bankruptcy Court, D. Puerto Rico.

March 18, 1987.

Arturo Apontes Parés, Hato Rey, P.R., for debtor/respondent.

William A. Power, Sweeting Gonzalez & Cestero, San Juan, P.R., for plaintiff.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This case is before the Court on the motion by Salvador Alvarez Rivera and Carmen Rodriguez (Alvarez) requesting the modification of the automatic stay to continue with the execution of an eviction judgment entered in civil cases number 81–1518 and PE–81–695 (consolidated) before the Superior Court of Puerto Rico, San Juan Part. Alvarez alleges that the judgment entered on April 10, 1986 by the Superior Court of Puerto Rico finding the lease agreement between Carlos Mattei Seijo and Ana Perez Faura to be inexistent and ordering the eviction of any entity occupying the premises constitutes *res judicata* and/or collateral estoppel to the issues before this Court, and, consequently, that debtor-respondent has no right to continue enjoying the lease. Debtor-respondent has opposed the motion alleging that it is entitled to a possessory injunction under local law (31 L.P.R.A. 1421, 1441, 1461 and 1475 and 32 L.P.R.A. 3561).

After a careful review of the memoranda by both parties and the evidence presented at the hearing held on December 11, 1986, the Court finds that the State Court judgment constitutes *res judicata* to the issues at bar and may not be relitigated.

Pursuant to Rules 9014 and 7052 of the Bankruptcy Rules the Court enters the following findings of fact and conclusions of law.

### Findings of Fact

1. On March 24, 1981 Centro de Transmisiones Automáticas de Puerto Nuevo, Inc. (CTA), Carlos Mattei Seijo and Olga Paz (Mattei) filed a complaint (case number 81–1518–902) against Salvador Alvarez and Carmen Rodriguez (Alvarez), and Raul Santiago Romero (Romero) and Ana Maria Perez Faura (Perez) before the Superior Court of Puerto Rico, San Juan Part. The complaint prays for the annulment of a sale by Romero and Perez to Alvarez alleging that a lease and option contract subscribed by Perez and Mattei on April 19, 1979 gives Mattei a right to the subject property.

2. On June 5, 1981 Alvarez filed a complaint (case number 81–695–907) against Mattei before the Superior Court of Puerto Rico, San Juan Part. Alvarez prays for the eviction of Mattei from the premises alleging to be the owner of the property since February 1981.

3. On June 16, 1981 the Superior Court of Puerto Rico entered a resolution whereby the two above mentioned actions were ordered consolidated, found that a full hearing and trial was necessary, and ordered Mattei to consign with the Court the monthly rental payments.

4. On April 15, 1985 the Superior Court of Puerto Rico entered partial judgment dismissing the causes of action of CTA and the conjugal society of Carlos Mattei and Olga Paz on the grounds that the evidence presented did not establish a nexus with/or a right under the April 19, 1979 lease.

5. On April 10, 1986 the Superior Court of Puerto Rico entered a memorandum opinion and judgment in favor of Alvarez and against Mattei after a trial on the merits.

6. In its findings of fact and conclusions of law the Superior Court of Puerto Rico made a detailed and well-reasoned analysis of the evidence presented at trial and the applicable law. All the facts relative to the

rights under the lease were presented at trial and adjudicated by the state court.

7. The Judgment entered on April 10, 1986 by the Superior Court of Puerto Rico holds that:

a. the complaint by Mattei (civil number 81–1518) be dismissed.

b. in civil case number 81–695, judgment of eviction was entered in favor of Alvarez and against Mattei.

c. any person occupying the premises owned by Alvarez shall vacate the same.

8. The judgment finds that Alvarez is the owner of the property and that Mattei does not have a valid lease or option to purchase.

9. On September 2, 1986 CTA filed a petition under chapter 11, Title 11, United States Code.

10. CTA occupies the premises as of this date alleging to have a right to said property under the April 19, 1979 lease.

### Conclusions of Law

■ State law controls the preclusive effect that a state judgment has in a federal court. *Oliveras v. Miranda Lopo*, 800 F.2d 3, 6 (1st Cir.1986). The First Circuit Court of Appeals analyzed the effects of *res judicata* and collateral estoppel under the laws of Puerto Rico in *Futura Development Corporation v. Centex Corporation*, 761 F.2d 33, 42–46 (1st Cir.1985). The Court in Futura stated that:

*Res judicata* generally binds parties from litigating or relitigating any issue that was or could have been litigated in a prior adjudication and prevents claim splitting. See *Marrese v. American Academy of Orthopaedic Surgeons*, [470] U.S. [373], n. 1, 105 St.Ct. 1327, n. 1, 84 L.Ed.2d 274 (1985); *Capo Sanchez v. Secretary of the Treasury*, 92 P.R.R. 817 (1965), Restatement (Second) of Judgments §§ 18, 24 (1982). In Puerto Rico, the rule of *res judicata* is based on considerations of public policy and necessity: on the one hand, the interest of the State in terminating litigations in order that judicial issues may not be perpetuated …, and on the advisability of impressing court decisions with due dignity …, and on the other hand, the desirability of not submitting a citizen twice to the inconveniences which the litigation of the same cause entails.

*Perez v. Bauza*, 83 P.R.R. 213, 217–18 (1961). P.R.Laws Ann. tit. 31 § 3343, Puerto Rico's *res judicata* statute provides:

In order that the presumption of the *res adjudicata* may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such. (Footnote omitted)

In the matter before the court all the required elements for *res judicata* are present. All necessary parties were before the state court in the consolidated cases, the object matter is the same, that is the leased property and the April 19, 1979 lease; and the causes of action are the same. CTA filed suit against Alvarez and Perez to annul the sale and for the specific performance of the option to purchase included in the lease. Alvarez filed suit to evict Mattei from the leased premises claiming to be the owner.

The only different ingredient is the futile effort to infuse a property interest pursuant to the possessory injunction provisions of 31 L.P.R.A. 1421, 1441, 1444, 1461 and 1475, and 32 L.P.R.A. 3561.

■ It is clear that the intent of the above articles, particularly 1444 and 1461, is maintain the status quo and protect a tenant from being dispossessed through violence and force. *Segarra Boerman v. Velariño*, 92 D.P.R. 314 (1965). Such are not the circumstances of the case at bar. Alvarez has at all times used the civilized and accepted method to evict CTA and Mattei, that is, filing an action before a court. Furthermore, such statutory provisions are inapplicable within the bankruptcy concept wherein 11 U.S.C. § 362 provides a broad automatic stay of suits to allow the debtor a "breathing spell" to reorganize its af-

fairs. *Tringali v. Hathaway Machinery Co., Inc.,* 796 F.2d 553, 562 (1st Cir.1986). Section 362 has provided the debtor ample time to present its argument.

■ CTA had the opportunity to litigate fully the present judicial controversy before the state courts. It did so and the Superior Court of Puerto Rico ruled against it. As stated by the Court in *Fiumara v. Fireman's Fund Ins. Companies,* 746 F.2d 87, 92 (1st Cir.1984).

"All litigation must come to an end; and there is no legal warrant for allowing the instant claims to rise Phoenix-like from the ashes of the state court proceedings."

The lease contract in question was validly terminated pursuant to state law and CTA as debtor in possession may not resurrect the same. *Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1212 (7th Cir.1984), *In re Triangle Laboratories, Inc.,* 663 F.2d 463, 467–68 (3rd Cir.1981).

### Conclusion

In view of the foregoing the automatic stay provisions of 11 U.S.C. § 362 are hereby lifted in favor of Alvarez for cause, that is, because the debtors rights to the lease contract were already adjudicated by the state courts and such an adjudication precludes relitigation before the Bankruptcy Court.

SO ORDERED.