### In re CONVENT GUARDIAN CORP., Debtor.

### In re Sidney N. WENIGER, Wengroup Equities Corp., Schoolhouse Apartments, Inc., Reservoir Terrace Corp., Wengroup Development Corp., and Schuylkill Guardian Corp., Debtors.

### KINNEY SYSTEMS, INC., Plaintiff,

### v.

### INTERMET REALTY PARTNERSHIP et al., Defendants.

Bankruptcy No. 87 B 2166.
Adversary No. 87–0208S.
Civ. A. Nos. 971, 2257 and 4387.

United States Bankruptcy Court,
E.D. Pennsylvania.

April 24, 1987.

## ORDER

DAVID A. SCHOLL, Bankruptcy Judge.

AND NOW, this 24th day of April, 1987, after hearing argument from opposing counsel on April 23, 1987, on the Motion to Dismiss, Abstain, or Remand of Intermet Realty Partnership and H. Leonard Fruchter (hereinafter referred to as "the Intermet Motion") and the Motion for Transfer of Venue of Schuylkill Guardian Corp. and Sidney N. Weniger (hereinafter referred to as "the Debtors' Motion"), it is ORDERED as follows:

1. The Debtors' Motion is GRANTED. All of the known authorities hold that, where a bankruptcy court is simultaneously confronted with (1) a Motion, pursuant to 28 U.S.C. § 1412, to transfer or change the venue of an action which has been removed to it pursuant to 28 U.S.C. § 1452(a); and (2) a Motion to remand or otherwise abstain from hearing the change of venue action, pursuant to 28 U.S.C. § 1334(c), the action should be transferred to the "home" court of the bankruptcy to decide the issue of whether to remand or abstain from hearing the action. *See In re Gallucci*, 63 B.R. 93, 94 & n. 3 (Bankr.D.R.I.1986); *Seybolt v. Bio-Energy of Lincoln, Inc.*, 38 B.R. 123, 128 (Bankr.D.Mass.1984); *Colarusso v. Burger King Corp.*, 35 B.R. 365, 366–68 (Bankr.E.D.Pa.1984) (per GOLDHABER, CH. J.); and *Stamm v. Rapco Foam, Inc.*, 21 B.R. 715, 723–25 (Bankr.W.D.Pa.1982) (per COSETTI, CH. J.).

Contrary to the arguments of Intermet, (1) we can perceive no reason for distinguishing this action from those involved in the above cases because the Intermet Motion invokes 28 U.S.C. § 1334(c)(2), as we do not believe that *any* abstention issue,

even one involving "mandatory abstention," raises a "jurisdictional" issue; (2) We perceive nothing contained in either 28 U.S.C. § 1412, any other Code provision, or logic which would bar a transfer of venue of a "related proceeding."

2. We shall not decide the most significant aspects of the Intermet Motion, as we believe that, for the most part, this Motion should be resolved by the "home" court, i.e., by the Honorable Susan Pierson DeWitt of the United States Bankruptcy Court for the Northern District of Illinois. We therefore do not decide nor express any opinion on the merits of that aspect of the Intermet Motion requesting invocation of either mandatory or permissive abstention, per 28 U.S.C. § 1334(c)(2) or § 1334(c)(1), respectively. However, we do express our view that the aspect of the Intermet Motion seeking to dismiss this action on the ground that this matter was improperly removed to the bankruptcy court, as opposed to the district court, pursuant to 28 U.S.C. § 1452(a), lacks merit. *See e.g., In re Finley*, 62 B.R. 361, 365–66 (Bankr.N.D. Ga.1986); *In re Cassidy Land & Cattle Co.*, 62 B.R. 93 (Bankr.D.Neb.1986); and *In re Philadelphia Gold Corp.*, 56 B.R. 87 (Bankr.E.D.Pa.1985) (per GOLDHABER, CH. J.); 1 COLLIER ON BANKRUPTCY, ¶ 3.01[5][c], at 3–73 (15th ed. 1986); and W. Taggart, *The New Bankruptcy Court System*, 59 AM.BANKR.L.J. 231, 248–50 (1985). *Contra: In re Borchardt*, 56 B.R. 791, 792–93 (D.Minn.1986); *In re Schuler*, 45 B.R. 684, 685–86 (Bankr.D.N.D.1985); and *In re Long*, 43 B.R. 692, 697 (Bankr.N. D.Ohio 1984).

3. The Deputy-in-Charge of Bankruptcy Operations of this Court shall forthwith transfer the files of these cases to his counterpart in the United States Bankruptcy Court for the Northern District of Illinois.