**In re AZTEC INDUSTRIES, INC., Debtor.**

**AZTEC INDUSTRIES, INC., Plaintiff,**

v.

**The STANDARD OIL COMPANY, et al., Defendants.**

**Bankruptcy No. 87–0052.**
**Related Case No. 86–03689.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Nov. 12, 1987.

John M. Leahy, Lima Ohio, John B. Lunseth, II, Minneapolis, Minn., for Aztec Industries.

Hugh E. Wall, III, Dayton, Ohio, for The Lummus Co.

William E. Dorris, Atlanta, Ga., for Tibbetts Mechanical Contractors.

David C. Patterson, Columbus, Ohio, for The Randall Corp.

### MEMORANDUM OPINION AND RECOMMENDATION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Continued Hearing on Plaintiff's Petition for Removal and Motion for Change of Venue, and Defendant's Motion for Dismissal of Aztec Industries, Inc.'s Petition for Removal, or, Alternatively, for Remand

and Motion for Abstention. The Court has reviewed the Petition, the Motions, and the written arguments of counsel, as well as the entire record in this case. Based on that review, and for the following reasons, the Court recommends that this case be Transferred to the Honorable Mickey D. Wilson, Bankruptcy Judge for the Northern District of Oklahoma.

## FACTS

This case arose out of a construction project which took place from 1983 to 1985 at Standard Oil Company of Ohio's refinery in Lima, Ohio. Aztec Industries, Inc. (hereinafter "Aztec") was to erect three (3) process heaters at the refinery. The Lummus Company (hereinafter "Lummus") had contracted with Standard Oil Company of Ohio (hereinafter "Sohio") to act as fabrication engineer and supply the process heaters. Lummus contracted with the Randall Corporation (hereinafter "Randall") to fabricate and supply two (2) of the three (3) heaters.

On May 13, 1985, the Plaintiff, Aztec, commenced an action against five (5) Defendants in the Court of Common Pleas, Allen County, Ohio. The Defendants were Lummus and Randall (both subsidiaries of Combustion Engineering, Inc.), Sohio, J.A. Jones Construction Company, and Tibbetts Mechanical Contractors. In the lawsuit, Aztec alleges that problems with the design, inspection, fabrication and delivery of the heaters caused difficulties and delays, and that Aztec is entitled to construction delay damages. The claims asserted against the Defendants were for breach of contract, tortious conduct, bad faith, quasi-contract, common law fraud, and a claim on a bond based on Ohio's mechanic's lien law.

Lummus and Randall filed a Motion for Partial Summary Judgment on December 24, 1986. On the same day, Aztec settled its claims against Sohio, J.A. Jones Construction Company, and Tibbetts Mechanical Contractors, and those parties were dismissed without prejudice. This dismissal also terminated the mechanic's lien portion of the lawsuit, and the claim for the contract retainage. As a result, the only parties currently involved in this action are Aztec, Lummus, and Randall. All the claims in this case are based on state law. There is some dispute as to which state's law is applicable.

Aztec filed a Petition for Relief under Chapter 11 of the Bankruptcy Code on December 31, 1986. The Petition was filed with the United States Bankruptcy Court, Northern District of Oklahoma, and was assigned to the Honorable Mickey D. Wilson. Aztec is an Oklahoma corporation with its principal place of business located in Tulsa, Oklahoma. It should be noted that Aztec has not been active in business since shortly after the completion of the Sohio Project in 1985. The above lawsuit was funded by Aztec's parent company, Econotherm, a Minnesota corporation, which filed a Petition under Chapter 11 on November 28, 1986. This lawsuit is Aztec's only substantial asset.

On February 26, 1987, Aztec filed a Petition for Removal of the Allen County litigation styled: *Aztec Industries v. The Standard Oil Company (Ohio), J.A. Jones Construction Company, Lummus Company, a subsidiary for Combustion Engineering, Inc., Tibbetts Mechanical Contractors, a division of Notkin & Company, and The Randall Corporation, a subsidiary of Combustion Engineering,* case number 85–Civ–0218. The Petition was filed with the United States Bankruptcy Court for the Northern District of Ohio.

On March 24, 1987, Lummus and Randall filed a Motion for Dismissal of Aztec Industries, Inc.'s Petition for Removal, or, Alternatively, for Remand and Motion for Abstention. A Hearing was held on the Motions of the parties, and leave was granted for Plaintiff to file a Motion for Transfer to the Northern District of Oklahoma. The Motion for Transfer was filed April 3, 1987. Several Memoranda were filed, and a second Hearing was held.

One of the Defendant's grounds for Dismissal of Aztec's Petition for Removal was that the Petition was filed incorrectly. The Defendants have asserted, and continue to maintain, that a Petition for Removal must be filed with the District Court, rather than

the Bankruptcy Court. Accordingly, Plaintiff filed a Petition for Removal with the United States District Court on March 30, 1987. A Pre–Trial was held by the District Court on September 11, 1987, and the Honorable John W. Potter stayed further action on the Removal Petition pending disposition of the matters before the Bankruptcy Court.

## LAW

### I

The arguments of counsel have ranged far and wide over issues that do not appear to be germane to the issues before this Court. It appears that the only issues that should be addressed are those which go to jurisdiction. The Court will not decide, nor express any opinion on, the merits of Defendants' Motion for Remand based upon mandatory or permissive abstention under 28 U.S.C. § 1334(c)(2) or § 1334(c)(1).

■ Plaintiff's removal of the state court action to this District, in order to transfer the case to the Bankruptcy Court for the Northern District of Oklahoma, appears to be the correct procedural approach. *See In re National Developers, Inc.*, 803 F.2d 616, 620 (11th Cir.1986); *In re 666 Associates*, 57 B.R. 8, 9 (Bankr.S.D. N.Y.1985).

The United States Bankruptcy Court for the Eastern District of Pennsylvania encountered a very similar fact situation in *In re Convent Guardian Corp.*, 75 B.R. 346 (Bankr.E.D.Pa.1987). The Court was simultaneously confronted with a Motion, pursuant to 28 U.S.C. § 1412, for transfer or change of venue in an action which has been removed to it under 28 U.S.C. § 1452(a), and a Motion to remand or otherwise abstain. *In re Convent Guardian Corp.*, 75 B.R. at 347. The Court held that the proper role of the "conduit" court was to transfer the action to the "home" Bankruptcy Court to decide the issue of whether to remand or abstain from hearing the action. *Id.; See also Colarusso v. Burger King Corp.* 35 B.R. 365 (Bankr.E.D.Pa. 1984); *Stamm v. Rapco Foam, Inc.*, 21 B.R. 715, 723–725 (Bankr.W.D.Pa.1982).

■ The venue issues raised by the parties require an examination of both the case to be transferred and its relationship to the Aztec Bankruptcy case. Obviously, the Oklahoma Court is more familiar with the pending Bankruptcy case and what may be required for its efficient administration. In addition, the Court which would try the case can better evaluate all the interests involved, and determine its own expertise in the particular areas of the law which form the basis of the action, as well as its own scheduling and time constraints. This Court's speculation on these matters would not be an adequate substitute for a knowledgeable determination based upon the actual facts and circumstances. Moreover, allowing the Oklahoma Court to rule on the remand issues minimizes the potential conflicts which could arise due to differences in controlling authority between the Courts. Accordingly, a final ruling on the venue issues, and the many sub-issues which have been raised within the context of venue, remand, and abstention, should be left to the "home" Bankruptcy Court in Oklahoma.

■ In contrast, this Court should decide the jurisdictional issues raised by the Defendants. If there is a jurisdiction defect and the parties and the action are not properly before the Court, any action taken by the Court would be void. The Bankruptcy Court must have jurisdiction over a claim that is removed to it. *In re Eagle Bend Development*, 61 B.R. 451, 454 (Bankr.W. D.La.1986). Therefore, the issues which Lummus and Randall have denominated as "jurisdictional" will be examined by this Court.

### II

■ The procedure for removal of cases from state courts is outlined in 28 U.S.C. § 1452(a), which states:

**§ 1452 Removal of claims related to bankruptcy cases**

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a

governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

The Defendants argue that the filing of the Petition for Removal with the Bankruptcy Court is contrary to the requirements of § 1452(a). They cite several cases in support of this argument, including *In re Long*, 43 B.R. 692 (Bankr.N.D. Ohio 1984) and *In re Schuler*, 45 B.R. 684 (Bankr.D.N.D.1985).

Aztec argues that the filing of the Petition with the Bankruptcy Court is proper under *In re Commercial Oil Service, Inc.*, 58 B.R. 311 (Bankr.N.D.Ohio 1986) and the weight of authority in more recent cases and commentaries. This Court agrees.

Notwithstanding the use of the term "District Court" in § 1452(a), the majority of Courts have allowed parties to file Petitions for Removal of state court cases with the Bankruptcy Court. *In re Princess Louise Corp.*, 77 B.R. 766, 768 (Bankr.C.D. Cal.1987); *In re Convent Guardian Corp.*, 75 B.R. 346, 347 (Bankr.E.D.Pa.1987); *Matter of Centro de Transmisiones Automaticas*, 73 B.R. 297, 298 (Bankr.D.Puerto Rico 1987); *In re North American Funding Corp.*, 64 B.R. 795, 796 (Bankr.S.D.Tex. 1986); *In re Finley*, 62 B.R. 361, 365 (Bankr.N.D.Ga.1986); *Matter of Cassidy Land & Cattle Co.*, 62 B.R. 93, 96 (Bankr. D.Neb.1986); *In re Commercial Oil Service, Inc.*, 58 B.R. 311, 314 (Bankr.N.D. Ohio 1986), *aff'd sub nom. State of Ohio v. Commercial Oil Service, Inc.*, C 86–7286 (N.D.Ohio 1987); *In re Gianakas*, 56 B.R. 747, 750–753 (N.D.Ill.1985); *In re Philadelphia Gold Corp.*, 56 B.R. 87, 89–90 (Bankr. E.D.Pa.1985); *See also* 1 *Collier On Bankruptcy*, § 3.01[5][c] at 3–81 (15th ed. 1987); W. Taggart, *The New Bankruptcy Court System*, 59 Am.Bankr.L.J. 231, 248–250 (1985).

The cases allowing the filing of Petitions for Removal with the Bankruptcy Court primarily base their holdings on the fact that Bankruptcy Courts are "units" or "adjuncts" of the District Courts. Consequently, the general orders referring all Bankruptcy matters to the Bankruptcy Court under 28 U.S.C. § 157(a) allow Petitions for Removal to be filed with the Bankruptcy Court. The District Court's examination of the relevant statutes and history in *In re Gianakas, supra* at 750–753, provides a scholarly and comprehensive analysis of "one of the worst legislative quagmires caused by the 1984 Amendments to the Bankruptcy Code." *In re Eagle Bend Development*, 61 B.R. 451 (Bankr.W.D.La.1986). This Court concurs with the analysis in *Gianakas*, and would add in support just a short review of the amended version of Bankruptcy Rule 9027.

On August 1, 1987, certain amendments to the Bankruptcy Rules went into effect, including amendments to Rule 9027. The amendment to 9027(a) provides that "An application for removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending." Rule 9002(3) (as amended) states: " 'Clerk' or 'clerk of the district court' means the court officer responsible for the bankruptcy records in the district." The United States Supreme Court adopted the amendments to the Bankruptcy Rules and submitted them to Congress pursuant to 28 U.S.C. § 2075. Under § 2075, "Such rules shall not abridge, enlarge, or modify any substantive right." Consequently, it appears that the Supreme Court's position is that the filing of a Petition for Removal with the Bankruptcy Court does not infringe upon the will of Congress as expressed in 28 U.S.C. § 1452(a). Accordingly, for this reason, and those elucidated in *Gianakas*, and in the interest of uniformity in this division under *Commercial Oil, supra*, the Court finds that Aztec's filing of the Petition for Removal with the Bankruptcy Court was proper.

### III

Next, the Court must consider the timeliness of the filing of the Petition for Removal. Defendants argue that the time for filing a Petition for Removal was not

governed by Bankruptcy Rule 9027(a)(2), which states:

> (2) **Time for Filing; Civil Action Initiated Before Commencement of the Case Under the Code.**
>
> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, an application for removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after the trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Aztec filed their Petitions for Removal within the Ninety (90) days allowed under 9027(a)(2)(A) in both the Bankruptcy and District Courts.

The Defendants assert that Rule 9027 does not apply to § 1452, and cite *Allen County Bank and Trust Co. v. Valvmatic Intern.,* 51 B.R. 578 (N.D.Ind.1985), *State Bank of Lombard v. Chart House,* 46 B.R. 468 (N.D.Ill.1985). Lummus and Randall argue that the Thirty (30) day time limit of § 1446 applies.

Plaintiff argues that Rule 9027(a)(2) governs removal and cites *In re Eagle Bend Development,* 61 B.R. 451 (Bankr.W.D.La. 1986), *In re Philadelphia Gold Corp.,* 56 B.R. 87 (Bankr.E.D.Pa.1985) and 1 *Collier on Bankruptcy,* § 3.01 at 3–86 n. 159 (15th ed. 1987).

The Defendants' argument is unpersuasive. This Court agrees with the analysis in *Eagle Bend.* Rule 9027 was not so tied to the former removal statute, § 1478, that the repeal of § 1478, and the subsequent enactment of § 1452, caused the implicit repeal of Rule 9027. The majority of more recent cases have also held that Rule 9027 governs the procedure for removal. *In re Pacor, Inc.,* 72 B.R. 927, 930–931 (Bankr.E. D.Pa.1987) specifically rejects the reasoning in *Chart House* and *Valvmatic,* and a number of other cases simply rely on Rule 9027 without addressing the theory that it

no longer applies. *See In re Princess Louise Corp., supra* at 768; *In re Futura Industries, Inc.,* 69 B.R. 831, 833 (Bankr.E. D.Pa.1987); *In re Hudson Oil Co., Inc.,* 68 B.R. 735, 737 (D.Kan.1986). Moreover, Defendants' argument is, once again, less persuasive in light of the amendments to the Bankruptcy Rules. *Valvmatic*'s reasoning is based upon the assumption that § 1452 mandated removal to the District Court, and was therefore inconsistent with Rule 9027, which called for removal to the Bankruptcy Court. The majority of Courts that have considered the issue have disagreed with that underlying premise, and the new amendments to the Bankruptcy Rules support the majority position. The removal statute, § 1452, continues in effect, but the amendments to the Bankruptcy Rules have not altered Rule 9027, except to strike the words "in the bankruptcy court". Both § 1452 and Rule 9027 are, as a result, still effective after August 1, 1987, and the argument that they were incompatible at the time of the filing of the Petition for Removal becomes more difficult to support.

## IV

The Defendants have also argued that their demand for a Jury Trial prevents this Court from asserting jurisdiction. The Court disagrees. The Jury demand does not prevent this Court from having jurisdiction for purposes of ruling on the Motions which are before the Court. It may be one of the factors which the Oklahoma Court considers in reaching its decision, but a Jury demand does not deprive a "conduit" Court of jurisdiction.

Accordingly, Rule 9027 being applicable to cases removed under 28 U.S.C. § 1452(a), and the Petition for Removal having been filed with the proper Court, and in a timely manner, this Court finds that it has jurisdiction.

## V

The March 30, 1987 Order of the United States Supreme Court which accompanied the transmittal of the amendments to the Bankruptcy Rules states:

2. That the foregoing changes in the Bankruptcy Rules shall take effect on August 1, 1987 and shall govern all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings in bankruptcy cases then pending.

While the Court has cited the amendments to the Bankruptcy Rules as supporting the majority views on removal issues, the reliance of the parties on the pre-amendment Rules required that the Court examine the issues presented under the version of the Bankruptcy Rules in effect at the time of filing. However, Bankruptcy Rule 9027(e) (as amended August 1, 1987) sets forth the procedure for disposition of a Motion for Remand, and does not impact on the substantive rights of the parties. Rule 9027, as amended, states in pertinent part:

> (e) **REMAND** A motion for remand of the removed claim or cause of action shall be filed with the clerk and served on the parties to the removed claim or cause of action. Unless the district court orders otherwise, a motion for remand shall be heard by the bankruptcy judge, who shall file a report and recommendation for disposition of the motion.

Therefore, the Court finding it just and practicable for the August 1, 1987 amendments to the Bankruptcy Rules to govern the disposition of the Motion for Remand, this Opinion shall stand as a report and recommendation to the District Court on Defendants' Motion for Remand.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

RECOMMENDED to the United States District Court that it not render a decision on Defendants' Motion for Remand pursuant to the approach used in *In re Convert Guardian Corp.*, 75 B.R. 346 (Bankr.E.D. Pa.1987) and permit this Court to transfer the subject case to the Honorable Mickey D. Wilson, Bankruptcy Judge for the Northern District of Oklahoma.

This Court will issue appropriate Orders, if needed, after the United States District Court completes its review and disposition of the above Memorandum Opinion and Recommendation.