In re WEDLO, INC., Debtor.

Mary THOMAS, Plaintiff,

v.

LORCH, WEDLO, INC., Union Security Life Insurance Company, et al., Defendants.

Bankruptcy No. 96–B–2702.
Adversary No. 96–B–00038–APG.

United States Bankruptcy Court,
M.D. Alabama.

March 6, 1996.

**679**

The plaintiff filed an alternative motion to remand, abstain, or dismiss the proceeding. Counsel for the plaintiff argued the motion at the hearing on the motion to transfer.

■ The court concludes the bankruptcy court in which the chapter 11 case is pending is in the best position to determine the issues underlying the motion to remand, abstain, or dismiss. *See Kinney Systems, Inc. v. Intermet Realty Partnership (In re Convent Guardian Corp.),* 75 B.R. 346, 347 (Bankr. E.D.Pa.1987); *Consolidated Lewis Inv. Corp. v. First Nat'l Bank,* 74 B.R. 648 (E.D.La. 1987); *Seybolt v. Bio–Energy of Lincoln, Inc.,* 38 B.R. 123 (Bankr.D. Mass.1984); and *Stamm v. Rapco Foam, Inc.,* 21 B.R. 715 (Bankr.W.D.Pa.1982).

■ Contrary to the argument of the plaintiff, the abstention provisions of 28 U.S.C. § 1334 do not deprive this court of "jurisdiction" over this proceeding:

> [W]e do not believe that *any* abstention issue, even one involving "mandatory abstention," raises a "jurisdictional" issue .... We perceive nothing contained in either 28 U.S.C. § 1412, any other Code provision, or logic which would bar a transfer of venue of a "related proceeding."

*Convent Guardian,* 75 B.R. at 347.

Accordingly, an order will enter transferring this proceeding to the "home" court, the United States Bankruptcy Court for the Northern District of Illinois.

## ORDER TRANSFERRING VENUE OF ADVERSARY PROCEEDING

In accordance with the Opinion entered this day on the motion filed by Union Security Life Insurance Company to transfer the venue of this proceeding, it is

ORDERED that the Clerk of Court shall transmit to the Clerk of the United States Bankruptcy Court for the Northern District of Illinois all pleadings filed in the proceeding, including the file of the state court action removed to this court, except the original

Von G. Memory, Montgomery, AL, for plaintiff.

Christopher I. Gruenewald, Mobile, AL, for Union Security Life Ins. Co.

Jack E. Held, Birmingham, AL, for Wedlo, Inc.

## OPINION ON MOTION TO TRANSFER ADVERSARY PROCEEDING

A. POPE GORDON, Bankruptcy Judge.

Union Security Life Insurance Company filed a motion to transfer the above-styled adversary proceeding to the United States Bankruptcy Court for the Northern District of Illinois.

The motion came on for hearing on March 5, 1996 at which counsel for the plaintiff and Union Security orally argued the motion.

The motion is due to be granted.

The facts are as follows.

The plaintiff commenced this adversary proceeding in the Circuit Court for Barbour County, Alabama in April 1995. Union Security Life Insurance Company filed a cross claim against Wedlo, Inc. for indemnification.

Wedlo, Inc. filed a case under chapter 11 of the Bankruptcy Code on February 2, 1996 in the United States Bankruptcy Court for the Northern District of Illinois.

Union Security Life Insurance Company then removed the state court action from the Circuit Court of Barbour County, Alabama to this court under 28 U.S.C. 1452 and filed the instant motion to transfer.

order of transfer and a certified copy of the docket.