**Leonard TALLO, Plaintiff,**

v.

**Constantine GIANOPOULOS a/k/a Gus Gianopoulos, Anastasios Gianopoulos, Thomas Gianopoulos, Sophie Gianopoulos, Meletios Gianopoulos, Sunapee Food Services, LLC, Bronx Third Donuts, Inc., 161 Street Donuts, Inc., 149 Street Donuts, Inc., White Plains Road Donuts, Inc., East Tremont Donuts, Inc., KMA I, Inc., KMA II, Inc., KMA III, Inc., and Bronx Donut Bakery, Inc., Defendants.**

**No. 04–CV–4586(CPS).**

United States District Court, E.D. New York.

Feb. 16, 2005.

Howard M. File, Staten Island, NY, for Plaintiff.

James Glucksman, Robert L. Rattet, Rattet, Pasternak & Gordon Oliver, LLP, Harrison, NY, for Defendants.

## MEMORANDUM AND ORDER

SIFTON, Senior Judge.

On June 7, 2002, Plaintiff Leonard Tallo filed this action in New York State Court seeking, inter alia, an accounting of the assets of Sunapee Food Services, LLC, Bronx Third Donuts, Inc., 161 Street Donuts, Inc., 149 Street Donuts, Inc., White Plains Road Donuts, Inc., East Tremont Donuts, Inc. (collectively "the old corporations"), a dissolution of those corporations, and damages resulting from an alleged breach of contract and fraud. The complaint names as defendants the old corporations, Constantine Gianopoulos, Anastasios Gianopoulos, Sophie Gianopoulos, and Meletios Gianopoulos ("the Gianopouloses").

On October 9, 2003, Tallo amended the complaint to add as defendants the following corporations created by the Gianopouloses after Tallo filed his first complaint: KMA I, Inc.; KMA II, Inc.; KMA III, Inc.; Bronx Donut Bakery, Inc. ("the new corporations" or "the debtors"). The amended complaint alleges the following eleven claims for relief against all defendants stemming from Tallo and the Gianapouloses' co-ownership of the old corporations: 1) breach of contract for the sale of stock in the old corporations; 2) dissolution of all defendant corporations pursuant to New York Business Corporation Law Section 1104; 3) breach of a fiduciary duty owed to Tallo; 4) violation of Tallo's right to examine the books of all defendant corporations; 5) fraud; 6) breach of contract to sell donuts to Tallo; 7) waste of the assets of the old corporations; 8) misappropriation of corporate opportunities; 9) tortious interference with contract; 10) fraudulent conveyance of the assets of the old corporations to the new corporations; and 11) a request for a declaratory judgment that Tallo is a one-third owner of all outstanding stock in the new corporations.

On October 26, 2004, the debtors removed this action from state court pursuant to Federal Rule of Bankruptcy Procedure 9027 and 28 U.S.C. § 1452. The debtors then moved pursuant to 28 U.S.C. § 1412 to have the action transferred to the Southern District of New York so that it could be consolidated with the debtors' bankruptcy proceeding, which is pending in that district. Tallo moved pursuant to 28 U.S.C. § 1452(b) to have the action remanded to state court. In a previous memorandum and order, I granted Tallo's

motion to remand and denied the new corporations' motion to transfer.

The debtors now move pursuant to Local Rule 6.3 for reconsideration and pursuant to Federal Rule of Civil Procedure 59(e)[1] for relief from the order. For the reasons that follow the motion is granted. The Court's prior memorandum and order dated December 15, 2004, remanding this case to the Supreme Court of the State of New York is vacated. The Debtors' motion to transfer to the Southern District of New York for referral to the bankruptcy court is granted. Tallo's motion to remand is denied without prejudice to its renewal in the bankruptcy court.

### Background

The following facts are taken from the submissions of the parties in connection with the present motions. They are undisputed except where noted.

This controversy centers around the ownership of several corporations established to operate Dunkin' Donut franchises in and around New York City. Tallo's complaint alleges that Constantine and Anastasios Gianopolous promised Tallo a 1/3 interest in the old corporations and donuts at a reduced price in exchange for certain construction work to be performed by Tallo. Tallo alleges that in reliance on this agreement he performed such labor but has been refused the 1/3 interest. The complaint also alleges that subsequent to the filing of his first complaint, the Gianopouloses formed the new corporations, terminated the franchise agreements between Dunkin' Donuts and the old corporations, formed new franchise agreements between Dunkin' Donuts and the new corporations, and transferred all of the assets of the old corporations to the new.

In response, on December 10, 2002, the non-debtor defendants commenced a separate action in New York State Court alleging that it was Tallo who breached the contract and as a result the non-debtor defendants were forced to close several of their donut stores due to failed health and safety inspections. On May 16, 2003, the New York State Court ruled that the two actions would be jointly tried, but would retain separate docket numbers.

On June 1 and 2, 2004, the debtors filed voluntary petitions for reorganization in the United States Bankruptcy Court for the Southern District of New York pursuant to Chapter 11 of the Bankruptcy Code. The filing of the bankruptcy petitions automatically stayed Tallo's claims against the debtors. *See* 11 U.S.C. § 362(a) (filing of bankruptcy petition prevents continuation of judicial action to recover claim against debtor). The automatic stay has not been lifted.

On October 26, 2004, the debtors removed Tallo's action to this Court. The notice of removal did not purport to remove the non-debtor defendants' action against Tallo, which remains pending in the state court.

On December 15, 2004, the Court granted Tallo's motion to remand. On December 27, 2004, Tallo filed a proof of claim in the bankruptcy court. This motion for reconsideration and relief from the order of remand followed.

### Discussion

 Motions for reconsideration are governed by Rule 6.3 of the Local Civil Rules for the Eastern and Southern Districts of New York. A Rule 6.3 motion may be granted where the Court overlooked controlling matters of law or factual mat-

---

**1.** The debtors purport to move pursuant to Rule 59(a), which pertains to the granting of a now trial. There has, however, been no trial in this case.

ters that were put before it on the underlying motion. *In re Salomon Analyst Level 3 Litig.*, 2005 WL 57311, at *1 (S.D.N.Y. Jan. 11, 2005). Similarly, a motion for reconsideration brought pursuant to Rule 59 may be granted to correct a clear error of law or prevent manifest injustice, when an intervening change in controlling law has occurred, or where evidence not previously available becomes available. *Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F.Supp. 1216, 1220 (D.N.J.1993).

*Bankruptcy Jurisdiction*

■ In the previous memorandum and order, I concluded that the bankruptcy court would have jurisdiction over Tallo's claims because they were "related to" the bankruptcy proceedings. Nevertheless, I exercised my discretion to remand the claims to the state court pursuant to 28 U.S.C. § 1452. The debtors contend that reconsideration of this decision is appropriate because since the issuance of the previous memorandum and order, Tallo has filed a proof of claim in the bankruptcy court.

As stated in the previous memorandum and order, the right to remove a bankruptcy proceeding from state court is predicated on the existence of bankruptcy subject matter jurisdiction. 28 U.S.C. § 1452(a). Bankruptcy jurisdiction is governed by 28 U.S.C. § 1334, which allows a bankruptcy court to exercise jurisdiction over three types of proceedings: 1) those "arising under" Title 11; 2) those "arising in" cases under Title 11; and 3) those "related to" cases under Title 11. "Arising in" and "arising under" cases are collectively called "core" bankruptcy proceedings, over which the bankruptcy court has the authority to enter its own orders and judgments. *In re U.S. Lines, Inc.*, 197 F.3d 631, 636 (2d Cir.1999); *In re MTBE Prod.*

*Liab. Litig.*, 341 F.Supp.2d 386, 411 (S.D.N.Y.).

The debtors correctly contend in the present motion that the filing of the proof of claim placed Tallo's claims within the bankruptcy court's core jurisdiction. In *In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702 (2d Cir.1995), the Second Circuit held that when a creditor files a proof of claim, the bankruptcy court has core jurisdiction to determine that claim. The Court stated that "the determinative factor as to the bankruptcy court's jurisdiction in this case is that the [plaintiff] filed a proof of claim resulting in adversary proceeding that involved 'the allowance or disallowance of claims against the estate.'" *Id.* at 705 (quoting 28 U.S.C. § 157(b)(2)(B)). By filing a proof of claim, Tallo rendered his claims core proceedings and "necessarily became a party under the [bankruptcy] court's core jurisdiction." *Id.* That Tallo may have been forced by procedural rules to file his claim to avoid losing it is irrelevant. *Id.* at 706–07; *In re Iridium Operating LLC*, 285 B.R. 822, 833 (S.D.N.Y. 2002).

■ In addition to rendering claims core proceedings, the filing of the proof of claim is a prerequisite to the allowance or disallowance of a claim by the bankruptcy court. *In re Francis*, 15 B.R. 998, 1003 (Bankr.E.D.N.Y.1981); 4 COLLIER ON BANKRUPTCY ¶ 501.01[2][a] (15th ed.2004). "The filing of the proof of claim invokes the special rules of bankruptcy concerning objections to the claim, estimation of the claim for allowance purposes, and the rights of the claimant to vote on the proposed distribution." *In re Manville Forest Prod. Corp.*, 896 F.2d 1384, 1389–90 (2d Cir.1990). Unlike non-core proceedings, the bankruptcy court has the power to enter its own orders, without consent of the parties with respect to matters within its core jurisdiction. 28 U.S.C. § 157;

*Cent. Vt. Pub. Serv. Corp. v. Herbert,* 341 F.3d 186, 190 (2d Cir.2003).

■ Although the determination that proceedings with respect to Tallo's claims are within the core of bankruptcy jurisdiction does not foreclose the application of the doctrine of discretionary remand,[2] it is a factor weighing in favor of adjudicating the dispute in the bankruptcy court. *See Shared Network Users Group, Inc. v. WorldCom Tech., Inc.,* 309 B.R. 446, 452 (E.D.Pa.2004) (that plaintiff had filed a proof of claim in bankruptcy court provides a compelling reason to transfer case removed from state court to bankruptcy court); *Scherer v. Carroll,* 150 B.R. 549, 551 (D.Vt.1993) (stating that prior discretionary remand was in part because plaintiff had not filed a proof of claim in the bankruptcy court). Reconsideration of the Court's previous memorandum and order is therefore appropriate.

*Transfer or Remand*

■ The debtors contend that because the filing of the proof of claim rendered this a core proceeding, transfer as opposed to remand more fully serves the interests of judicial efficiency, and that remand is inappropriate because the state court action has been stayed. Upon reconsideration, I hold that transfer to the bankruptcy court, which is in a more suitable position to consider the doctrine of discretionary remand, is appropriate.

District courts faced with a removed bankruptcy-related case frequently consider the doctrine of discretionary remand before transferring the case to the district in which the bankruptcy is pending. *See, e.g., Stahl v. Stahl,* 03 Civ.0405 2003 WL 22595288 (S.D.N.Y. Nov. 7, 2003). Nevertheless, a court may, after deciding the issue of jurisdiction, instead exercise its discretion to transfer the case and permit the home bankruptcy court to decide the issue of remand.[3] The latter approach has been described as a "prudential doctrine in furtherance of the efficiency policies intrinsic in bankruptcy law." *Ret. Sys. of Ala. v. Merrill Lynch & Co.,* 209 F.Supp.2d 1257, 1261 (M.D.Ala.2002). It does so by preventing courts in one district from "interfer[ing] with the orderly administration of a case filed in another district." *Hohl v. Bastian,* 279 B.R. 165, 178 (W.D.Pa.2002) (quoting *Stamm v. Rapco Foam, Inc.,* 21

---

2. *See In re Casual Male Corp.,* 317 B.R. 472, 479 (Bankr.S.D.N.Y.2004) ("[D]etermination of whether or not a matter is core is not determinative of decisions as to discretionary remand or discretionary abstention."); *Regal Row Fina, Inc. v. Washington Mutual Bank,* 2004 WL 2826817, at *8 (N.D.Tex. Dec. 9, 2004); *Mt. McKinley Ins. Co. v. Corning, Inc.,* 2003 WL 1482786, at *7 (S.D.N.Y. March 21, 2003); *Allen v. City Finance Co.,* 224 B.R. 347, 352–54 (S.D.Miss.1998) (equitably remanding core claim where creditor filed proof of claim); *In re Norrell,* 198 B.R. 987, 994 n. 5 (Bankr.N.D.Ala.1996) (rejecting debtors' argument and concluding that *Phillips* does not prevent remand where plaintiff filed proof of claim).

3. *See, e.g., In re 1111 Prospect Partners, L.P.,* 204 B.R. 222 (Bankr.D.Kan.1996) (discussing and considering both approaches).

28 U.S.C. § 1412 permits a district court to "transfer a case or proceeding under Title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." When considering a motion to transfer, a court is to weigh a host of factors including: 1) the plaintiff's choice of forum; 2) the locus of operative facts; 3) the convenience of the parties; 4) the convenience of witnesses; 5) the availability of process to compel witnesses; 6) the location of physical evidence; 7) the relative familiarity of the court with the applicable law; and 8) the interests of justice and efficiency. *Official Committee of Asbestos Claimants of G–I Holding, Inc. v. Heyman,* 306 B.R. 746, 749–50 (S.D.N.Y.2004).

B.R. 715, 724 (Bankr.W.D.Pa.1982)). Permitting the bankruptcy court to decide the motion for remand is in accord with the strong presumption in favor of placing venue in the district where the bankruptcy proceedings are pending. *See In re Enron Corp.*, 317 B.R. 629, 642 (Bankr.S.D.N.Y. 2004).

Upon reconsideration, I conclude that the bankruptcy court of the Southern District of New York, being the home court of the bankruptcy proceeding and being familiar with the litigation, is better situated to determine the propriety of remand.[4] Tallo's filing of a proof of claim established bankruptcy court jurisdiction over the allowance of those claims. In addition, the bankruptcy court has *de facto* control over the course of this litigation by virtue of the automatic stay. Given that control, Tallo's voluntary submission of his claim to the bankruptcy court, and the bankruptcy court's greater familiarity with the issues relating to the efficient administration of the estate, the applicable law, the effect of Tallo's suit on the distribution of assets, and the burden on the bankruptcy court docket, consideration of Tallo's motion to remand is more appropriately litigated in that forum. Such a transfer to the Southern District, which lies just across the river, is unlikely to pose additional inconvenience to the parties. The debtors' motions for reconsideration and to transfer to the Southern District of New York are, therefore, granted. Disposition of Tallo's motion to remand is denied without prejudice to its renewal in the bankruptcy court.

*Conclusion*

For the foregoing reasons, the motion for reconsideration is granted. The Court's prior memorandum and order dated December 15, 2004, remanding this case to the Supreme Court of the State of New York is vacated. The debtors' motion to transfer to the Southern District of New York for referral to the bankruptcy court is granted. Tallo's motion to remand is denied without prejudice to its renewal in the bankruptcy court.

The Clerk is directed to furnish a filed copy of the within to all parties and to the magistrate judge, and to effect the transfer of this case to the United States District Court for the Southern District of New York for referral to the bankruptcy judge handling the debtors' bankruptcy proceeding.

SO ORDERED.

### JUDGMENT

A Memorandum and Order of Honorable Charles P. Sifton, United States District Judge, having been filed on February 15, 2005, granting the motion for reconsideration; vacating the Court's prior Memorandum and Order dated December 15, 2004, remanding the case to the Supreme Court of the State of New York; granting the debtors' motion to transfer to the Southern District of New York for referral to the Bankruptcy Court; and denying Tallo's motion to remand without prejudice to its renewal in the Bankruptcy Court; it is

---

**4.** *See, e.g., City of Liberal, Kan. v. Trailmobile Corp.*, 316 B.R. 358, 363 (D.Kan.2004); *Bayou Steel Corp. v. Boltex Mfg. Co., L.P.*, Civ.A. 03–1045, 2003 WL 21276338 (E.D.La. June 2, 2003) (transferring to home court for consideration of motion to remand); *In re Allegheny Health, Educ. and Research Foundation*, 98–25733, 1999 WL 1033566 (Bankr.E.D.Pa. Nov.10, 1999) (same); *Nelson v. First Lenders Indemnity Co.*, 97CV239–B, 1998 WL 378376 (N.D.Miss. May 11, 1998) (same); *In re Wedlo, Inc.*, 212 B.R. 678 (Bankr.M.D.Ala.1996) (same); *In re Aztec Indus., Inc.*, 84 B.R. 464, 467 (Bankr.N.D.Ohio 1987); *In re Convent Guardian Corp.*, 75 B.R. 346 (Bankr.E.D.Pa. 1987) (same); *Seybolt v. Bio–Energy of Lincoln, Inc.*, 38 B.R. 123, 128 (Bankr.D.Mass. 1984) (same).

ORDERED and ADJUDGED that the motion for reconsideration is granted; that the Court's prior Memorandum and Order dated December 15, 2004, remanding the case to the Supreme Court of the State of New York is vacated; that the debtors' motion to transfer to the Southern District of New York for referral to the Bankruptcy Court is granted; and that Tallo's motion to remand is denied without prejudice to its renewal in the Bankruptcy Court.