**In re 1111 PROSPECT PARTNERS, L.P., a California Limited Partnership, Tax I.D. Number: 33–0461930, Debtor.**

**SBKC SERVICE CORPORATION, Plaintiff,**

**v.**

**1111 PROSPECT PARTNERS, L.P., a California Limited Partnership; William Jeffery III, an individual; and Kristin L. Jeffery, an individual, Defendants.**

**Bankruptcy No. 96–203–JTF.**

United States Bankruptcy Court, D. Kansas.

Nov. 18, 1996.

Cynthia F. Grimes of Grimes & Rebein, L.C., Lenexa, KS, and Elizabeth Drill Nay and Louis A. Cohn of Lewis, Rice & Fingersh, L.C., Kansas City, MO, and Leawood, KS, for SBKC Service Corporation.

Daniel M. Dibble, William C. Odle, and Brian T. Fenimore of Lathrop & Gage, L.C., Kansas City, MO, and Terence L. Bingman of Luce, Forward, Hamilton & Scripps, L.L.P., San Diego, CA, for 1111 Prospect Partners, L.P., William Jeffery, III and Kristin L. Jeffery.

*MEMORANDUM OPINION* [1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

The plaintiff in this removed adversary proceeding, SBKC Service Corporation, will be referred to as "SBKC." It is a subsidiary and assignee of Security Bank of Kansas City, which will be referred to simply as "Security Bank." The defendant 1111 Prospect Partners, L.P., a limited partnership, will be referred to as "Prospect Partners." The defendants William Jeffery III and Kristin L. Jeffery will be referred to jointly as the "Jefferys."

Security Bank held the promissory note of Prospect Partners secured by a deed of trust on California real property. When Prospect Partners defaulted on the note, Security Bank assigned the note and security documents to SBKC for collection. After a nonjudicial foreclosure of the real property in California, SBKC sued Prospect Partners and the Jefferys in the District Court of Wyandotte County, Kansas, to collect the balance of the note. SBKC based its suit on choice of law and forum selection clauses in a note, deed of trust, and security agreement that Prospect Partners had signed when it borrowed from Security Bank. After the suit had been pending for approximately a year, Prospect Partners filed for Chapter 7 bankruptcy relief in California. On the same day, Prospect Partners removed the state court action here under 28 U.S.C. § 1452.[2] After removal, Prospect Partners requested that the Bankruptcy Court change the venue of the adversary proceeding to the California bankruptcy court under 28 U.S.C. § 1412, "in the interest of justice or for the convenience of the parties." SBKC objected to the change of venue and moved under 28 U.S.C. § 1452 to remand the action to the state court on "any equitable ground." Should this Court remand the proceeding or change its venue to California? The Court elects to remand for the reasons hereafter stated.

### Jurisdiction

Jurisdiction under 28 U.S.C. § 1334 is a condition to removal under 28 U.S.C. § 1452. SBKC argues that this condition is not satisfied, but in light of the remand on equitable grounds, this Court will not address this argument.

As required by Fed.R.Bankr.P. 9027(a)(1), in its notice of removal Prospect Partners states that this proceeding is core and that in the event this Court determines the removal proceeding to be noncore, Prospect Partners and the Jefferys consent to entry of a final judgment. Although SBKC has responded to the removal and the motion to change venue, it has failed to file a statement concerning the core nature of the removal and remand proceeding as required by Fed. R.Bankr.P. 9027(e)(3). Nevertheless, the

---

1. SBKC Service Corporation appears by its attorneys, Cynthia F. Grimes of Grimes & Rebein, L.C., Lenexa, Kansas, and Elizabeth Drill Nay and Louis A. Cohn of Lewis, Rice & Fingersh, L.C., Kansas City, Missouri, and Leawood, Kansas. 1111 Prospect Partners, L.P., William Jeffery III and Kristin L. Jeffery appear by their attorneys, Daniel M. Dibble, William C. Odle, and Brian T. Fenimore of Lathrop & Gage, L.C., Kansas City, Missouri, and Terence L. Bingman of Luce, Forward, Hamilton & Scripps, L.L.P., San Diego, California.

2. "A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452. Although the statute speaks of removal to the "district court," it is now well settled that the removed case goes to the bankruptcy court.

Court finds that the motion for remand is a matter of core jurisdiction.

Section § 1412 of Title 28 controls Prospect Partners' motion for change of venue of the adversary to the California bankruptcy court. Courts considering motions to change venue under this statute have concluded that such motions are core proceedings.[3] Accordingly, the Court finds that it has core jurisdiction to determine the question raised by Prospect Partners' motion to change venue.

### Findings of Fact

In 1991, Security Bank loaned Prospect Partners $8.3 million for the purchase of real property in La Jolla, California. The loan was secured by real estate and a letter of credit. When Prospect Partners defaulted, Security Bank assigned its claim to SBKC for collection. SBKC drew down the letter of credit and foreclosed on the California real estate, but was left holding an unsecured deficiency claim of $764,000. With accrued interest, the debt is now approximately $1,000,000.

To collect the deficiency, SBKC sued Prospect Partners, William Jeffery III, and his wife Kristin L. Jeffery in the District Court of Wyandotte County, Kansas, on November 1, 1995. The suit named the Jefferys as defendants on the theory that as limited partners who had undertaken the management of Prospect Partners, they were its alter ego and liable for the deficiency. SBKC based the action on choice of law and forum selection clauses in the note, deed of trust and security agreement, which provide

that the "District Court of Wyandotte County, *Kansas,* shall have jurisdiction over any action for a deficiency...."[4] In addition, Prospect Partners had contractually agreed in those documents that the Wyandotte County District Court was the proper venue for the Bank's deficiency claim.[5]

Prospect Partners and the Jefferys removed the state court suit to the United States District Court for the District of Kansas, but on February 16, 1996, the Hon. John W. Lungstrum remanded the action to the Wyandotte County District Court. He ruled that to remove under 28 U.S.C. § 1446, all parties to the notice of removal must consent, but by agreeing to the forum selection clause in the loan documents, Prospect Partners had waived its right to consent to removal with the Jefferys. Prospect Partners and the Jefferys have appealed this decision to the Tenth Circuit Court of Appeals.

In the year since the state court action was filed on November 1, 1995, the Wyandotte County District Court has developed considerable familiarity with and expertise in the issues relevant to the state court action.[6] In that court, Prospect Partners and the Jefferys moved to dismiss the action, and SBKC moved for entry of summary judgment in its favor. On May 20, 1996, the Wyandotte County District Court heard arguments on the motion to dismiss and the motion for summary judgment and ruled on several legal issues. One such ruling was that a judgment for a deficiency due on a promissory

---

**3.** See cases cited in 1 COLLIER ON BANKRUPTCY ¶ 302[4][a] at 3–153, n. 57a (Lawrence P. King, ed., 15th ed. 1996).

**4.** Deed of Trust § 11.12 at 25, Appendix V to Legal Memorandum of SBKC Service Corporation in Support of Motion for Remand to the Twenty–Ninth Judicial District Court for Wyandotte County, Kansas, or In the Alternative, Motion for Abstention of the United States Bankruptcy Court for the District of Kansas, filed October 25, 1996.

**5.** Promissory Note at 4, Deed of Trust § 11.12 at 25, Appendices U and V, respectively, to Legal Memorandum of SBKC Service Corporation in Support of Motion for Remand to the Twenty–Ninth Judicial District Court for Wyandotte County, Kansas, or In the Alternative, Motion for Abstention of the United States Bankruptcy Court for the District of Kansas, filed October 25,

1996. For case holding forum selection clauses enforceable, *see* 1 COLLIER ON BANKRUPTCY ¶ 3.02[2][a] at 3–136 n. 24a (Lawrence P. King, ed., 15th ed. 1996); *Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Envirolite Enterprises, Inc. v. Glastechnische Industrie,* 53 B.R. 1007 (S.D.N.Y.1985); *Diaz Contracting, Inc. v. Nanco Contracting Corp. (In re Diaz Contracting, Inc.),* 817 F.2d 1047 (3rd Cir.1987).

**6.** SBKC's memorandum is accompanied by an appendix of documents that supports the representations made in the memorandum. Prospect Partners has filed a Request for Judicial Notice supported by exhibits consisting of documents reflecting litigation among the parties at various times in the past.

note was proper under Kansas law. The state court also requested additional information about the Jefferys' role in Prospect Partners and their exercise of control over the partnership. In addition, the state court permitted limited discovery on those issues, and scheduled a continuation of the hearing on the motions to dismiss and for summary judgment for October 21, 1996.

That hearing was aborted, however, when Prospect Partners filed its Chapter 7 bankruptcy petition in the Southern District of California on October 17, 1996, thereby invoking the automatic stay against the continuation of any action against Prospect Partners.

SBKC has included with its exhibits a copy of schedules Prospect Partners filed in the California Chapter 7 case. The summary of assets and liabilities shows that both assets and liabilities totaled $0.00. Prospect Partners' bankruptcy estate has no assets to pay any claim, let alone the deficiency claim to which SBKC may be legally entitled.

### Conclusions of Law

In support of its motion to remand, SBKC points out that in addition to having no assets with which to pay the deficiency claim, as a partnership Prospect Partners is not entitled to a discharge of its debts under the Bankruptcy Code. 11 U.S.C. § 727(a)(1). These facts lead SBKC to hypothesize that Prospect Partners' only motive for filing bankruptcy was to delay entry of judgment in the state court against the Jefferys (the alleged *de facto* general partners of Prospect Partners).[7]

Prospect Partners and the Jefferys, on the other hand, argue that the state court suit should be sent to the California bankruptcy court for determination of defenses they have under California anti-deficiency laws. They do not explain, however, why the California bankruptcy court would want to wrestle with a state law controversy that will not yield any assets for the Chapter 7 estate. For all

that appears, there is nothing in the Chapter 7 estate for the bankruptcy trustee to administer and *no reason for the California bankruptcy court to concern itself with adjudicating SBKC's deficiency claim against Prospect Partners.* According to the undisputed statements of SBKC's counsel at oral argument, the Chapter 7 trustee has even agreed not to oppose SBKC's motion to dismiss the bankruptcy. Accordingly, this Court sees no good reason to transfer the proceeding to the California bankruptcy court.

Under the removal statute, the bankruptcy court to which a claim or cause of action is removed may remand such claim or cause of action on any "equitable ground." [8] A number of such grounds that are present in this case are illustrated in *Thomasson v. AmSouth Bank, N.A.,* 59 B.R. 997, 1001 (N.D.Ala.1986):

> Equitable grounds include: (1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result. *See Browning v. Navarro,* 743 F.2d 1069, 1076 n. 21 (5th Cir.1984).

Most of these grounds are present in this case. One such ground arises because of the presence of the Jefferys in the case. Unlike Prospect Partners, the Jefferys are not debtors in bankruptcy and the bankruptcy court has at best only a tenuous "related to" jurisdiction over the proceeding against them. Success in that proceeding is dependent upon a showing that they are the alter ego of Prospect Partners. If removal were permitted, the claim against the Jefferys would

---

**7.** Although SBKC has argued for mandatory and permissive abstention, the Court will base its decision on an alternative ground and not address those theories.

**8.** 28 U.S.C. § 1452(b).

have to be split from the claim against Prospect Partners, resulting in two causes of action proceeding in two courts, rather than one. Another ground exists because the causes of action against each defendant arise under state law and are within the expertise of the state court. Federal courts are courts of limited jurisdiction. Unless they have an express grant of jurisdiction and some federal interest is to be advanced, federal courts should not decide state law causes of action. Economics furnishes yet another equitable ground. The economics of dealing with the causes of action weighs in favor of the Kansas state court as opposed to the California bankruptcy court. The suit has been in state court for over a year. To shift it now to California cannot be economically efficient. Finally, considerations of comity clearly favor remand to the state court. The state court judge was on the verge of decision on state law questions when the bankruptcy filing halted the proceedings. That barrier was not raised to advance any discernable federal interest. Rather, the removal was apparently done to enhance the chances of incorporating California law into the decision. This does not justify depriving the state judge of her dominion over the action. She is capable of apply the law of Kansas or, if applicable, the law of California to the problem if the lawyers do their jobs by informing her concerning that law.

This Court is aware that in refusing to transfer the venue of this proceeding, it rejects the "conduit approach" used by some courts where an action is removed under § 1452 to a district remote from the district in which the bankruptcy case is filed, and the removing party requests a change of venue under § 1412 to the so-called "home court".[9] These courts reason that the home court is in the best position to decide the remand question. This approach has merit in cases like *In re Aztec Industries, Inc.*, which Prospect Partners and the Jefferys cite as authority for their position.[10]

In *Aztec*, the plaintiff in the state court suit pending in Ohio filed a Chapter 11 reorganization in the Northern District of Oklahoma. It then removed the cause of action under § 1452 to the bankruptcy court in Ohio. Presumably, in that case there were prospects for reorganization under Chapter 11 and, if so, the plaintiff's cause of action, if successfully prosecuted, could have resulted in funds for the reorganization plan. Although not the rationale of the court, this was justification for the Ohio bankruptcy court's recommendation to the district court that it deny remand and transfer venue to the Oklahoma "home" bankruptcy court.

In contrast, here the defendant in the state court action is the removing party, and the bankruptcy case is a Chapter 7 liquidation, not a Chapter 11 reorganization. The Chapter 7 bankruptcy estate holds no assets. Yet, the debtor wants to pluck the proceeding from the grasp of the state court that is about to decide the question and send it to California to a bankruptcy court with no interest in the problem.[11]

**Conclusion**

Based on the equitable grounds recited above, the motion to remand is sustained and the removed action is remanded to the District Court of Wyandotte County, Kansas. The motion for change of venue is denied. Nothing in this ruling should be construed as affecting the automatic stay now operative as a result of the pending Chapter 7 case in California.

9. See 1 COLLIER ON BANKRUPTCY ¶ 3.02[2][a] at 3–136 n. 24 (Lawrence P. King, ed., 15th ed. 1996), citing "home court" cases. *Seybolt v. Bio–Energy of Lincoln, Inc.*, 38 B.R. 123 (Bankr.D.Mass. 1984) (sending action to home court in Maine); *Aztec Industries, Inc. v. Standard Oil Co. (In re Aztec Industries, Inc.)*, 84 B.R. 464 (Bankr. N.D.Ohio, 1987) (recommending that cause of action be transferred to Ohio home bankruptcy court).

10. *Aztec Industries, Inc. v. Standard Oil Co. (In re Aztec Industries, Inc.)*, 84 B.R. 464 (N.D.Ohio 1987).

11. See *MATV–Cable Satellite, Inc. v. Phoenix Leasing, Inc.*, 159 B.R. 56 (Bankr.S.D.Fla.,1993) (proceeding removed from federal district court to bankruptcy court under § 1452 remanded to federal court and request to transfer venue to home bankruptcy court in California denied).

IT IS SO ORDERED.[12]

12. The foregoing discussion shall constitute find-
ings of fact and conclusions of law under Fed. R.Bankr.P. 7052 and Fed.R.Civ.P. 52(a).