**In re AG INDUSTRIES, INC., et al., Debtors.**

**AG Industries, Inc., et al., Plaintiffs,**

**v.**

**AK Steel Corporation, Defendant.**

**Bankruptcy No. 01–45250.**
**Adversary No. 02–3236.**

United States Bankruptcy Court, S.D. Ohio, Western Division at Dayton.

June 18, 2002.

John R. Gotaskie, Jr., Douglas Campbell, David Salzman, Campbell & Levine, LLC, Pittsburgh, PA, for Debtors AG Industries, Inc. and Acutus Industries, Inc.

Adam P. Hall, Matthew C. Blickensderfer, Doug Lutz, Frost Brown Todd, LLC, Cincinnati, OH, David C. Horn, J. Paul Allen, Middletown, Oh, for AK Steel Corporation.

**DECISION AND ORDER DENYING AG INDUSTRIES, INC. AND ACUTUS INDUSTRIES, INC.'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, MOTION FOR CHANGE OF VENUE AND DECISION AND ORDER GRANTING AK STEEL CORPORATION'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1452(b)**

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the Notice of Removal filed by Debtors AG Industries, Inc. and Acutus Industries, Inc. [Adv. Doc. # 1–1]; AG Industries, Inc. and Acutus Industries, Inc.'s Motion to Transfer or, in the Alternative, Motion for Change of Venue of the Removed Action to the United States Bankruptcy Court for the Northern District of Ohio, Youngstown Division, with Memorandum of Law in Support [Adv. Doc. # 2–1]; the Answer of AK Steel Corporation to the Notice of Removal [Adv. Doc. # 4–1]; AK Steel Corporation's Motion to Remand Pursuant to 28 U.S.C. § 1452(b), Request for Discretionary Abstention Pursuant to 28 U.S.C. § 1334(c)(1), and Memorandum in Opposition to Defendants' Motion for Transfer of Venue [Adv. Doc. # 5–1]; Movants' Supplemental Memorandum in Opposition to AK Steel Corporation's Motion to Remand Pursuant to 28 U.S.C. § 1452(b), Request for Discretionary Abstention Pursuant to 28 U.S.C. § 1334(c)(1), and Memorandum in Opposition to Defendants' Motion For Transfer of Venue [Adv. Doc. # 10–1]; and AK Steel Corporation's Reply in Support of its Motion to Remand Pursuant to 28 U.S.C. § 1452(b), Request for Discretionary Abstention Pursuant to 28 U.S.C. § 1334(c)(1), and Memorandum in Opposition to Defendants' Motion for Transfer of Venue [Adv. Doc. # 12–1]. On June 13, 2002, the parties presented oral arguments on the legal issues. The matter is now ready for a decision by the court.

### FACTUAL AND PROCEDURAL BACKGROUND

This adversary proceeding involves a request by the Debtors, AG Industries, Inc., and its wholly owned subsidiary, Acutus Industries, Inc. (collectively "Debtors"), to remove a state court matter filed against them in the Court of Common Pleas of Butler County, Ohio and transfer the case to the Bankruptcy Court for the Northern

District of Ohio where their Chapter 11 cases are currently pending. In response, the Plaintiff in the state court matter, AK Steel Corporation, requests this court to deny the removal and remand the matter back to the Court of Common Pleas of Butler County, Ohio ("Butler County").

Prior to the Debtors' bankruptcy filing in the Northern District on December 17, 2001, AK Steel initiated a state court action in Butler County against the Debtors to recover damages resulting from alleged breaches of contract and deficient work performed by the Debtors on several projects. The state court action was filed on June 22, 2000. AK Steel's claims relate, in part, to work performed by the Debtors as a subcontractor and joint venture partner to SMS DeMag Corporation ("DeMag"), the general contractor to AK Steel on a caster-widening project at AK Steel's Ashland, Kentucky plant.

The Debtors responded to the Butler County action by filing their own complaint against AK Steel in a Michigan circuit court for payment due to the Debtors on the caster-widening project and other projects. However, the Debtors' complaint was dismissed based on forum selection clauses in the parties' agreements. The forum selection clause in the parties' Contractors and Service Providers Master Agreement states:

> The contract shall be governed by and interpreted in accordance with the laws of the State of Ohio, and any action or other legal proceeding of any kind ... based upon or in any way related to the subject matter of this contract shall be brought exclusively in an appropriate court of competent jurisdiction (state or federal) located in Butler County, Ohio (if the action is brought in state court) or in the Southern District of Ohio (if the action is brought in federal court). Any action brought within such courts

shall not be transferred or removed to any other state or federal court. It is further understood and agreed by the parties that, by this clause, they consent to the exercise of jurisdiction by the above-named courts as their freely negotiated choice of forum for all actions arising out of or in any way related to the subject matter of this contract.

[Adv. Doc. # 5–1, Exs. A and B, Part 18.] With respect to the caster-widening project, the Michigan court found the applicable contract to be a Professional Engineering Services & Materials Supply Contract that contains an almost identical forum selection provision. [*Id.*, Exs. A and C, Part 44.1.] The case is presently on appeal before the Michigan Court of Appeals. However, by agreement between the Debtors and AK Steel, the Debtors have added these claims for payment as counterclaims in the Butler County action.

After commencement of the bankruptcy, the Debtors were informed that AK Steel settled disputes it had with DeMag, the general contractor on the caster-widening project. The Debtors believe the settlement includes the payment of funds due to the Debtors which may be assets of the Debtors' estate. AK Steel and DeMag have refused to detail the terms of their settlement to the Debtors based on confidentiality provisions within the settlement agreement.

For these reasons, the Debtors filed a Notice of Removal and Motion to Transfer, or, in the Alternative, Motion For Change of Venue with this court requesting that the Butler County action be removed and transferred to the Bankruptcy Court for the Northern District of Ohio where their bankruptcies are pending. The Debtors assert that AK Steel's settlement with DeMag and issues over payment to the Debtors on the caster-widening project will ef-

fect the bankruptcy and the disposition of assets of the estate.

AK Steel has answered the "complaint" or Notice of Removal denying that it owes money to the Debtors in connection with the caster-widening project. AK Steel has further filed a Motion to Remand and Request for Discretionary Abstention requesting that this court send the case back to Butler County. AK Steel asserts that the Butler County action has been ongoing for two years and the interests of the parties and judicial economy support that the case should be resolved in the state court.

## *LEGAL ANALYSIS*

### A. Removal under 28 U.S.C. § 1452(a)

■ Although the procedure of filing a notice of removal in the Bankruptcy Court for the Southern District of Ohio to have a state court action removed and transferred to the Bankruptcy Court for the Northern District of Ohio may seem inefficient, the procedure is supported by the language of 28 U.S.C. § 1452(a) which states:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

1. The proper court in which to file a notice of removal is a bankruptcy court, as a unit or adjunct of the district court, when there is a general order of reference providing for the automatic referral of cases under the Code to the bankruptcy court. *See Irwin v. Beloit Corp. (In re Harnischfeger Industries, Inc.),*

28 U.S.C. § 1452(a). Pursuant to the language of this statute, the district court or bankruptcy court[1] in the district where the state court matter is pending, called the "local" bankruptcy court, receives the notice of removal and acts as the first court to review the issue. *Stamm v. Rapco Foam, Inc. (In re Stamm),* 21 B.R. 715, 724–725 (Bankr.W.D.Pa.1982). Thus, AG Industries properly filed its notice of removal in this court to have a Butler County action removed and transferred to the "home" bankruptcy court where its bankruptcy cases are pending.

### B. Jurisdiction Under 28 U.S.C. § 1334

■ The first matter for this court to decide, as a prerequisite to removal, is whether bankruptcy jurisdiction exists over the Butler County action. As made clear from the language of the removal statute, a civil action can only be removed to a bankruptcy court if a bankruptcy court could establish jurisdiction under 28 U.S.C. § 1334. 28 U.S.C. § 1452(a); *Landry v. Exxon Pipeline Co.,* 260 B.R. 769, 775–776 (Bankr.M.D.La.2001). However, in this case, both parties agree that the Butler County action is at a minimum "related to" the Debtors' bankruptcy case meeting the jurisdictional requirement under § 1334(b). However, the Debtors take their jurisdictional argument one step further by asserting that the bankruptcy courts have exclusive jurisdiction over the Butler County action under 28 U.S.C. 1334(e) mandating that the case be transferred from the state court.

246 B.R. 421, 431 (Bankr.N.D.Ala.2000); *Aztec Industries, Inc. v. Standard Oil Co. (In re Aztec Industries, Inc.),* 84 B.R. 464, 468 (Bankr.N.D.Ohio 1987). A standing General Order of Reference has been entered in the Southern District of Ohio.

■ Section 1334(e) gives bankruptcy courts exclusive jurisdiction over "...all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." 28 U.S.C. § 1334(e). The Debtors argue that this seemingly broad language gives bankruptcy courts exclusive jurisdiction over the Butler County action because money the Debtors believe is owed to them by AK Steel or DeMag is the subject of that civil action and such money constitutes property of the estate. However, the exclusivity granted under § 1334(e) is actually much more limited. As explained by the Bankruptcy Court for the Middle District of Louisiana:

> While at first blush it might appear that if an action involves property of the estate, a federal forum ... is the only proper forum for adjudication of claims to such property, 28 U.S.C. § 1334(e) more properly denotes a grant by Congress of *in rem* jurisdiction over property of the debtor as of the commencement of the case and over property of the estate. Section 1334(e) must be harmonized with the provisions of § 1334(b) granting non-exclusive jurisdiction over matters "arising under," "arising in," and "related to" bankruptcy and/or bankruptcies. An action, *in personam*, that seeks to establish personal liability of the debtor on a claim, but which is not specifically targeted to ownership of, or rights in and to, property of the estate does not fall within this subsection.

*Landry*, 260 B.R. at 781–782. Thus, unless an action involves the actual recovery of property of the estate, rather than reparations paid for damages suffered, the action may proceed in state court without offending the exclusivity provision. *Id.* at 782.

The Butler County action involves breach of contract and warranty claims by AK Steel against the Debtors and counterclaims by the Debtors relating to payment for services and inventory supplied. The essence of the Butler County action is state law contract claims which fall outside the exclusive jurisdiction granted in § 1334(e). Although the Debtors assert that a settlement between AK Steel and DeMag may involve money payable to the Debtors, that settlement does not effect the nature of the Butler County action as a state law breach of contract case.[2] For these reasons, the court concludes that the Butler County action does not fall within bankruptcy court's exclusive jurisdiction under § 1334(e) and thus, transfer of the case to the Northern District is not mandated. However, the Butler County action does fall within the court's shared jurisdiction under § 1334(b) making transfer or remand discretionary.

## C. The "Local" Bankruptcy Court's Participation in Deciding to Transfer the Case to the "Home" Court or Remand the Case to State Court

■ Once the non-exclusive jurisdiction of bankruptcy courts over the Butler

---

**2.** The court would note that although the Debtors attempt to characterize the Butler County case as a turnover action for monies paid to DeMag, that is not actually the subject matter of the state court action. Instead, the Butler County action involves claims and counterclaims by AK Steel and the Debtors for breach of contract, warranty and other state law matters. This court's decision does not effect the Debtors right to attempt a turnover action in the Northern District for monies paid to DeMag, although courts are split regarding a debtor's ability to resolve disputed and unliquidated claims using a turnover proceeding. *See Commercial Financial Services, Inc. v. Jones (In re Commercial Financial Services, Inc.)*, 251 B.R. 397, 409–411 (Bankr.N.D.Okla.2000).

County action is established, the court must decide what further involvement it should have in deciding whether to transfer the action to the home bankruptcy court (Northern District) as requested by the Debtors or remand the action to state court as desired by AK Steel.

The Debtors argue in favor of the "conduit" court theory which would give this court, as the local bankruptcy court, a very limited role in the decision-making. Under the conduit court theory, the local bankruptcy court does little more than determine the initial jurisdictional issue and whether the removal notice is properly and timely filed. *See Irwin v. Beloit Corp. (In re Harnischfeger Industries, Inc.)*, 246 B.R. 421, 436 n. 42 (Bankr.N.D.Ala.2000) (noting that under this theory, the transfer to the home bankruptcy court is almost automatic). If properly filed and jurisdiction is established under § 1334, the local bankruptcy court transfers the state court matter to the home bankruptcy court under the change of venue statute (28 U.S.C. § 1412), and allows the home bankruptcy court to make the final decision whether to keep or remand the matter to state court. *Funquest Vacations Inc. v. Northwest Airlines Inc. (In re Funquest Vacations, Inc.)*, No. 97–31084DWS, 1998 WL 124222, at *1–2 (Bankr.E.D.Pa. Feb. 5, 1998); *Stamm*, 21 B.R. at 724–725.

Although the conduit approach has support, this court believes that the language of 28 U.S.C. § 1452(b) and § 1412 suggest a more active role for the local bankruptcy court. Under 28 U.S.C. § 1412, the transfer of a case from a local bankruptcy court to a home bankruptcy court is discretionary rather than mandatory or automatic. *See Harnischfeger*, 246 B.R. at 436 n. 42 (noting the use of the word "may" in the statute). Furthermore, the provision governing the remand of actions removed to federal court states that "[t]he court to

which a claim or cause of action is removed" is the court that should determine whether to remand the matter to state court based on equitable grounds. 28 U.S.C. § 1452(b). Thus, the language of both § 1412 and § 1452(b) support that this court has the responsibility to make the decision of whether to transfer the case to the home bankruptcy court or remand the matter to state court. *See SBKC Service Corp. v. 1111 Prospect Partners, L.P. (In re 1111 Prospect Partners, L.P.)*, 204 B.R. 222, 225–226 (Bankr.D.Kan. 1996); *Twyman v. Wedlo, Inc.*, 204 B.R. 1006, 1013–1014 (Bankr.N.D.Ala.1996).

## D. Consideration of Equitable Factors in Deciding to Remand the Case

■ In deciding whether to transfer the case to the home bankruptcy court or remand the case to Butler County, the court is directed to consider equitable factors such as judicial economy, convenience to the parties, the extent to which state law issues are involved, the expertise of a particular court and where the interests of justice lie. *See 1111 Prospect Partners*, 204 B.R. at 225; *In re HME Records, Inc.*, 62 B.R. 611, 613–614 (Bankr.M.D.Tenn. 1986). The Debtors, as the parties attempting to transfer the case, carry the burden of proving that the balance of convenience and justice weighs in their favor. *Sudbury, Inc. v. Dlott (In re Sudbury, Inc.)*, 149 B.R. 489, 493 (Bankr.N.D.Ohio 1993).

■ At the onset, this court would note that the action has been in the Butler County court for two years and the litigation has proceeded to the point where the state court has rendered a partial summary judgment in the matter. Furthermore, discovery, although limited to the issues on summary judgment, has advanced. Thus, judicial economy as well as

minimizing the costs to the parties, support the case remaining in state court.

Other factors weighing in favor of remanding the case include that the contract issues at the heart of the Butler County action are created and controlled by state law, many of the witnesses reside in the Butler County area and forum selection clauses in the parties' contracts may require that the action be litigated in Butler County. Although the Debtors dispute the applicability of these forum selection clauses, a Michigan state court concluded that they were valid and enforceable causing that court to dismiss the Debtors' complaint. [See Adv. Doc. # 5–1, Ex. A.] Regardless of their ultimate application and enforceability in bankruptcy court, the clauses need not be a matter of additional litigation and dispute if the case remains in Butler County. This, too, supports the efficiency and economy of remanding the case to state court.

Finally, the Debtors assert that the settlement between AK Steel and DeMag, the terms of which have not been disclosed, may involve property of the Debtors' estate. While the court cannot determine the nature of the settlement from the documents filed by the parties, the court would note that nothing in this decision prevents the Debtors' from filing a turnover action against either AK Steel or DeMag in the Bankruptcy Court for the Northern District. Therefore, the court concludes that the Debtors' rights are not prejudiced by allowing the matter to remain in Butler County. These factors support remanding the case to the state court.

### CONCLUSION

The court concludes that equitable factors including judicial economy, convenience to the parties and the interests of justice support allowing the state court civil action between AK Steel and the Debtors to remain in the Court of Common Pleas of Butler County, Ohio. For these reasons, the court will remand the case to Butler County under 28 U.S.C. § 1452(b).

**Wherefore**, the Debtors' Motion to Transfer or in the Alternative, Motion for Change of Venue is denied and AK Steel's Motion to Remand Pursuant to 28 U.S.C. § 1452(b) is granted.

**It is so ordered.**